WRIGHT & L'ESTRANGE
John H. L'Estrange, Jr. (SBN 049594)
jlestrange@wllawsd.com
Andrew E. Schouten (SBN 263684)
aschouten@wllawsd.com
401 West A Street, Suite 2250
San Diego, CA  92101-8103
Phone (619) 231-4844
Fax (619) 231-6710

*Attorneys for Defendant
LG Electronics USA, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE CLARK, individually and on behalf of those similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LG ELECTRONICS U.S.A., INC. and DOES 1-25, inclusive,<br><br>　　　　　　　　　　Defendant. | Case No.  **'13CV0485 JM   JMA**<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant LG Electronics U.S.A., Inc. ("LG"), pursuant to 28 U.S.C. § 1441 *et seq.*, hereby removes this action to the United States District Court for the Southern District of California, and in support thereof, respectfully states as follows:

### GROUNDS FOR REMOVAL

1.　Plaintiff, in an action styled *Jeannette Clark v. LG Electronics U.S.A., Inc., et al.*, Case No. 37-2012-00087291, seeks to represent a putative class of all persons in the United States who purchased LG Refrigerators "for primarily personal, family, or household purposes, and not for resale" and a subclass of all persons in the State of

/ / /

California who purchased "the Refrigerators for primarily personal, family, or household purposes, and not for resale." First Amended Compl. ("FAC") §§ 19, 20.

2. The original complaint in this matter, which was apparently filed on December 10, 2012, was not served on LG. Plaintiff filed a FAC on January 14, 2013. LG was served with Plaintiff's FAC through its registered agent on January 30, 2013. This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). LG has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

3. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Plaintiff's FAC alleges that LG violated California's Consumer Legal Remedies Act, California Business & Professions Code §§ 17200, 17500, California's Consumer Warranty Act (Cal. Civ. Code §§ 1790), and the Magnuson-Moss Warranty Act by misrepresenting the characteristics of an LG Refrigerator Plaintiff claims she purchased.

5. Plaintiff seeks, on behalf of herself and the purported class, compensatory, punitive, and other damages, statutory penalties, restitution, injunctive relief, and attorneys' fees and costs. *See* Prayer for Relief.

**THE REQUIREMENTS FOR REMOVAL
UNDER CAFA ARE SATISFIED**

6. "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2). *United Steel, et al. v. Shell Oil Co.*, 602 F.3d 1087,

///

1090-91 (9th Cir. 2012). As shown below, the requirements for diversity jurisdiction under CAFA are satisfied in this case.

7. **Class Action**. This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statutes or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. Plaintiff styles her complaint as a "Class Action," alleges that she brings it "on behalf of … all other similarly situated," and alleges that she represents a "class." FAC ¶ 18.

8. **Diversity of Citizenship**. At the time this lawsuit was filed and as of the date of this notice, LG was and is a Delaware Corporation with its principal place of business in New Jersey. At the time of the filing of this action, the named plaintiff, Jeannette Clark, alleged that she is a resident of California. FAC ¶¶ 13, 14. Because at least one member of the proposed class is from a state other than Delaware or New Jersey, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

9. **Amount in Controversy**. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, satisfying the amount in controversy requirements of 28 U.S.C. § 1332(d)(2). The FAC seeks multiple forms of relief, including a request for restitution under the California Business & Professions Code §§ 17200 and 17500 (FAC ¶¶ 59 and 68) and rescission under the Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq*.) (FAC ¶86) on behalf of all consumers in California who purchased LG Refrigerators. It is not clear from the face of the FAC whether plaintiff seeks to certify classes based on all LG Refrigerators generally or only the particular model that plaintiff allegedly purchased (Model No. LFX31925ST). *See* FAC ¶¶1-5, 13, 19, 20. Even construing the allegations of plaintiff's complaint most narrowly to relate only to Model No. LFX31925ST Refrigerators sold in California, however, the jurisdictional amount is satisfied. At least 11,205 Model No. LFX31925ST units were sold to consumers in California. *See* Decl.

of Taeyeon Kim at ¶ 3, attached as Exhibit A. And Plaintiff alleges she paid $3,200.00 for her unit. FAC ¶ 4. Thus, if each putative class member paid the same price as Plaintiff, or even one-sixth of that amount, the jurisdictional limit would be exceeded. Further, Plaintiff also seeks to recover attorneys' fees. Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. Therefore, without conceding that plaintiff is entitled to any relief and based on the allegations of the First Amended Complaint alone, the amount in controversy exceeds $5,000,000 in the aggregate, and consequently this Court has jurisdiction under CAFA.

10. **Number of Proposed Class Members**. LG believes in good faith that, as alleged, plaintiff's putative class well exceeds 100 members. As stated above, at least 11,205 Model No. LFX31925ST units were sold to consumers in California. Indeed, plaintiff alleges that the putative class she seeks to represent consists of "thousands of persons…." FAC ¶ 22. Accordingly, the action satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the proposed class include at least 100 persons.

11. **Timeliness**. This removal notice is timely filed as required by 28 U.S.C. § 1446(b). LG was first served in this action on January 30, 2013, and files this notice within thirty days after receipt thereof.

12. **Exceptions Do Not Apply**. The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply.

### THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

13. LG has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleading, or orders on file in the state court or served on LG in the state court are attached hereto as Exhibit B. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing removal, with a copy of this notice of removal attached thereto, has been filed with the clerk of the Superior Court of California, County of San Diego, Case No. 37-2012-00087291, and LG has served a

notice of filing of removal, with a copy of the notice of removal attached thereto, on plaintiff's attorneys. Copies of the notice and the certificate of service of the notice to plaintiff and the Superior Court of the State of California, County of San Diego are attached hereto as Exhibit C.

Dated:   February 28, 2013              Respectfully submitted,

WRIGHT & L'ESTRANGE

*Attorneys for Defendant*
*LG Electronics U.S.A., Inc.*

By: */s/ John H. L'Estrange, Jr.*
      John H. L'Estrange, Jr.
      jlestrange@wllawsd.com