UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE CLARK, individually and on behalf of those similarly situated,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>LG ELECTRONICS U.S.A., INC., and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:13-CV-485-JM (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S DENYING MOTION TO STRIKE** |

　　Plaintiff Jeannette Clark ("Plaintiff") filed a complaint in California State court on December 10, 2012 against LG Electronics U.S.A., Inc. ("LG"), which was later dismissed. Plaintiff filed a first amended complaint in California State court on January 14, 2013. On February 28, 2013, LG removed this matter to federal court. On April 8, 2013, LG filed a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) and a motion to strike under Rule 12(f). For the reasons explained below, LG's motion to dismiss is granted with leave to amend and LG's motion to strike is denied as moot.

**I. BACKGROUND**

　　On or about October 2011, Plaintiff purchased a LG refrigerator, Model No. LFX31925ST, for approximately $3,200. FAC ¶ 13. She used her LG

refrigerator in a manner consistent with its intended use.  Id.  The refrigerator allegedly had a Smart Cooling Plus system ("SCP system") "to keep your food fresh" and came with an express warranty for workmanship and materials.  Id. ¶ 36.

Plaintiff claims that her LG refrigerator's main control panel came with inherent design and materials defects.  Id. ¶ 6.  Plaintiff explains that an alleged programming defect causes the SCP system to shut down, thereby defrosting the food in both the refrigerator and freezer and causing condensation to build up.  Id.  This ultimately results in the food spoiling.  In addition, the re-freezing of the condensation causes doors and drawers to freeze shut and the ice chute to clog.  Id.  The only way to correct the programming defect is to unplug the refrigerator for 15 minutes, which reboots the control panel.  Id.  The programming defect allegedly occurs frequently and eventually results in the control panel burning out.  Id.

Plaintiff further alleges that LG was aware of these problems.  Plaintiff cites several complaints from the internet, which purportedly should have put LG on notice regarding the SCP system's defects.  See, e.g., id. ¶ 37 (providing samples from websites such as consumer affairs and complaintsboard.com).  However, of the complaints cited by Plaintiff, only one complaint was made prior to Plaintiff's purchase of her LG refrigerator.  See id. (identifying one complaintsboard.com complaint as having been posted prior to October 2011).  All remaining complaints were made in 2012.  Plaintiff does not specify why LG would be aware of complaints posted on the internet on websites other than LG's own website.

1  Plaintiff claims LG never disclosed the SCP system's defect and that this
2 failure to disclose resulted in Plaintiff and the proposed class overpaying for their
3 LG refrigerators.  Plaintiff has not limited her proposed class to any specific types
4 of LG refrigerators.  Plaintiff asserts five claims against LG:  (1) violation of
5 Consumer Legal Remedies Act ("CLRA"); (2) violation of the California
6 Business & Professions Code § 17200, *et seq.* ("UCL"); (3) violation of California
7 Business & Professions Code § 17500, *et seq.* for false and misleading advertising
8 ("FAL"); (4) breach of express warranty; (5) breach of implied warranty (Cal.
9 Civ. Code § 1790, *et seq.* and Cal. Comm. Code § 2314); and (6) violation of the
10 Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301 *et seq.*).

**III. MOTION TO DISMISS**

**A. Legal Standard**

For a plaintiff to overcome a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Factual pleadings merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they only establish that the allegations are possible rather than plausible.  See id. at 678-79.  The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In addition, Rule 9(b) requires that the complaint "state with particularity the circumstances constituting fraud."  The Ninth Circuit has explained that

"[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

**B. Discussion**

   **1. Fraud-Based Claims**

LG alleges that Plaintiff's CLRA,[1] UCL,[2] and FAL[3] claims should be dismissed for failure to meet Rule 9(b)'s heightened pleading requirements because these fraud-based claims were not pled with the requisite specificity. LG relies on the Ninth Circuit's explicit holding that Rule 9(b) applies to CLRA and UCL claims because they are premised on fraud. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009); see also Vess, 317 F.3d at 1103 (applying Rule 9(b) to pleading of state-law cause of action). By extension, Rule 9(b)'s heightened pleading requirement applies to Plaintiff's FAL claim, which prohibits any "unfair, deceptive, untrue, or misleading advertising," Cal. Bus. & Prof. Code § 17500, because it similarly involves allegations of fraud.

LG first argues that Plaintiff's failure to specify which refrigerators she is complaining about is fatal to her FAC. LG notes that Plaintiff does not provide any model numbers, does not limit her claims to those refrigerators with the SCP system, and does not even define the term "LG Refrigerator" in her FAC. See

---

[1] The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale . . . of goods or services to any consumer." Cal. Civ. Code § 1770.

[2] The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

[3] The FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500.

1  MTD at 4. LG further argues that the Plaintiff "did not disclose what the ads or
2  promotions specifically said, when and how Plaintiff was exposed to any such
3  advertising or promotions, or the specific way in which they were misleading."
4  MTD at 7 (citing In re Hydroxycut Mktg. & Sales Practices Litig., 801 F. Supp.
5  2d 993, 1006 (S.D. Cal. 2011) (dismissing similar claims for failure specify the
6  representations upon which plaintiff had relied or in what context he had seen or
7  read the representations).

8      Plaintiff argues that she does not need to meet Rule 9(b)'s heightened
9  pleading requirements because her claims are based on a failure to disclose rather
10 than fraud.  See Horvath v. LG Elecs. MobileComm U.S.A., Inc., 2012 U.S. Dist.
11 LEXIS 19215 *27 ("Alternatively, Rule 9(b) does not require that allegations
12 supporting a claim be stated with particularity when those allegations describe
13 non-fraudulent conduct.").  Plaintiff alternatively argues that she has met the
14 heightened pleading requirement as it is not as stringent for fraud-by-omission
15 cases.  See Tait v. BSH Home Appliances Corp., 2012 U.S. Dist. LEXIS 183649
16 (C.D. Cal. 2012) (a class certification order permitting claims against
17 manufacturers of washing machines that failed to self-clean); Collins v.
18 eMachines, Inc., 202 Cal. App. 4th 249 (2011); Klein v. Chevron U.S.A., Inc.,
19 202 Cal. App. 4th 1342 (2012) (permitting a claim alleging that consumers were
20 harmed by the practice of selling retail motor fuel in non-temperature-adjusted
21 gallon units because consumers were required to purchase significantly more fuel
22 to obtain the same amount of energy they would receive if the fuel was sold in
23 temperature-adjusted gallons).  Plaintiff explains that her claims are based on
24 LG's failure to inform her of the extraordinary measures (such as emptying the ice
25 tray and unplugging the refrigerator for 15 minutes daily) necessary to keep the

SCP system working.  See Opp. MTD at 7-8.  As Plaintiff asserts that LG was aware of these problems with the SCP system and failed to disclose these problems to purchasers prior to purchasing any LG refrigerator with an SCP system, Plaintiff argues that her fraud-based claims should stand.

Plaintiff further notes that she has, in fact, plead which model number she purchased.  See Opp. MTD at 3 (citing FAC ¶ 13).  Plaintiff also claims that her proposed class is based on a type of technology, the SCP system, which is a proper method for identifying a class.  See, e.g., Tait v. BSH Home Appliances Corp., 2012 U.S. Dist. LEXIS 183649 (S.D. Cal. 2012) (permitting class action concerning front loading washers to proceed); In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig., 754 F. Supp. 2d 1145 (C.D. Cal. 2010) (concerning a class action based on an electronic throttle control system).

Next, LG claims that the vague statements about "keeping food fresh" upon which the Plaintiff relies amount to nothing more than a "[g]eneralized, vague, and unspecified assertion constitut[ing] 'mere puffery' upon which a reasonable consumer could not rely, and hence [is] not actionable."  Annunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005).  LG relies heavily on Tietsworth v. Sears, Roebuck and Co., 2009 U.S. Dist. LEXIS 98532 (N.D. Cal. 2009), a case in which the plaintiff relied on defendant's statements that the washing machines were of the "highest quality," "top-of-the-line," and could help consumers do laundry more "conveniently" and "efficiently."  Id. at *1.  The court held that these statements were insufficient to state a claim because they were only puffery and not statements about the product's specific or absolute characteristics.  See id. at *7.

1    Plaintiff asserts the "keeping food fresh" statement is not puffery because it
2  is an "affirmative statement about (1) a piece of technology within the [LG]
3  [r]efrigerator, and (2) the purpose of the piece of technology." Opp. MTD at 10.
4  Plaintiff claims that LG's statement is different than the statement at issue in
5  Tietsworth because LG's statement was "a partial representation that was related
6  to a fraudulent omission." Opp. MTD at 11.
7    In addition, LG argues that Plaintiff has failed to plead adequately that LG
8  had knowledge of the alleged defects. See Wilson v. Hewlett-Packard Co., 668
9  F.3d 1136, 1146 (9th Cir. 2012) (requiring plaintiff to "sufficiently allege that a
10 defendant was aware of a defect at the time of sale to survive a motion to
11 dismiss"); see also In re Sony HDTV, 758 F. Supp. 2d 1077, 1095 (S.D. Cal.
12 2010) ("Sony had no duty to disclose facts of which it was unaware."); Kent v.
13 Hewlett-Packard Co., 2010 U.S. Dist. LEXIS 76818, at *29 (N.D. Cal. July 6,
14 2010) ("Plaintiffs have not alleged with specificity any other facts that could
15 support a claim that HP knew the computers . . . were defective at the time of sale
16 or that HP actively concealed a defect at the time of sale."). Moreover, inferred
17 knowledge-based access to aggregate information and data is conclusory,
18 speculative, and does not suggest how tests or information could have alerted a
19 defendant about a specific defect. See Wilson, 668 F.3d at 1146-47 (citing
20 Tietsworth, 2009 U.S. Dist. LEXIS 98532, at *13 (finding conclusory the
21 allegation that defendants were in a "superior position to know the truth about the
22 [product]")); Oestreicher v. Alienware Corp., 544 F. Supp. 2d 964, 974 (N.D. Cal.
23 2008) (holding allegation that defendant had "exclusive knowledge as the
24 manufacturer" did not show that defendant was aware of a defect)).
25    //

Plaintiff argues that "the court can reasonably infer that [LG] does not send its products out with no testing and no feedback as to their performance." Opp. MTD at 9. In addition, Plaintiff alleges that LG's knowledge can be inferred from complaints lodged by its customers. However, Plaintiff does not offer any cases indicating that knowledge can be inferred from likely product testing or customer complaints alone. In addition, Plaintiff only cites one online customer complaint on a third party website made prior to her purchase of the LG refrigerator.

As is evident from the arguments above, Plaintiff's claims fall both under the theory that LG made fraudulent statements about the ability of LG refrigerators with the SCP system to keep food fresh and the theory that LG failed to disclose the alleged extraordinary steps necessary to maintain the LG refrigerators. Both theories, however, are premised on fraud, and therefore both theories must meet Rule 9(b)'s heightened pleading requirement.

Under the first theory of liability, the court agrees that LG's alleged "keeping food fresh" statement, without more, amounts to non-actionable puffery because that statement does not provide an objective standard by which the court can assess the product's performance and, importantly, reflects only the general purpose of refrigerators, i.e. to keep food fresh. That statement is more similar to those in <u>Tietsworth v. Sears, Roebuck and Co.</u>, 2009 U.S. Dist. LEXIS 98532 (N.D. Cal. 2009), than the statements in the cases cited by Plaintiff. Plaintiff also failed to plead where and when she encountered the statement. Finally, because Plaintiff does not specify when she saw the allegedly misleading statement, her allegations of reliance are deficient.

Under the second theory of liability, Plaintiff has still failed to adequately define her class. Although Plaintiff has indicated that her class is based on the

type of technology in her refrigerator, her FAC does not explicitly define her class as such. However, Plaintiff may have a viable claim if she can define her class. The court does not find LG's arguments regarding knowledge persuasive given that the LG refrigerators allegedly did not function at all rather than having a smaller, harder to detect issue. Accordingly, Plaintiff's fraud-based claims are dismissed for failure to state a claim.

### 2. Warranty-Based Claims

#### a. Breach of Warranty Claim

A manufacturer is "not liable for breach of express warranty merely because a product manifests recurring failures during the warranty period. Rather, the question is whether [a plaintiff] sought repairs, refunds, or replacements and, if so, whether [the manufacturer] responded appropriately under the warranty." Kent v. Hewlett-Packard Co., 2010 U.S. Dist. LEXIS 76818, at *15-16 (2010). However, irrespective of whether a manufacturer has responded appropriately under the warranty, "an express warranty covering 'materials and workmanship' does not include design defects." See, e.g., Horvath v. LG Elecs. MobileComm U.S.A., Inc., 2012 U.S. Dist. LEXIS 19215 (S.D. Cal. 2012); Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS 94183, at *10 (C.D. Cal. 2011) (dismissing express warranty claim where warranty did not extend to design defects); Brothers v. Hewlett-Packard Co., 2007 U.S. Dist. LEXIS 13155, at *14 (N.D. Cal. 2007) (rejecting a breach of express warranty claim for a design defect because the warranty guaranteed against defects in "materials and workmanship").

LG argues that Plaintiff's breach of warranty claim fails to state a claim because the alleged design defect does not fall within the express warranty's terms and she failed to allege that she provided LG with an opportunity to repair the

refrigerator during the warranty period. See MTD at 12. LG further insists that Plaintiff's claim is a defective design claim because Plaintiff's statements in the FAC often suggest that the defects with the LG refrigerators are inherent and not based on materials or workmanship. See id.

Plaintiff acknowledges that design defects may not be covered, but argues that its FAC allegations are related to the LG refrigerators' "design, programmed operations, parts, pieces, materials, and workmanship." MTD at 13 (citing FAC ¶ 71). In addition, Plaintiff complains that LG's multiple attempts to repair her LG refrigerator failed and should be covered by her LG refrigerator's express warranty. Id. at 13 (citing FAC ¶¶ 82, 83).

The court finds that Plaintiff has adequately pled that she gave LG the opportunity to respond and to provide repairs, refunds, or replacements. However, the court agrees that Plaintiff has not adequately pled a breach of warranty claim because it is unclear what defect, other than a design defect, the LG refrigerators allegedly suffered from. If anything, multiple repairs of the same part suggest that the defect could not be remedied by properly assembling the LG refrigerators with non-defective parts. While Plaintiff may yet have a claim, Plaintiff must be more explicit regarding the LG refrigerators' non-design based defects.

   **b. Breach of Implied Warranty Claim**

Under California law, the implied warranty of merchantability means that the consumer goods: "(1) Pass without objection in the trade under the contract description; (2) Are fit for the ordinary purposes for which such goods are used; (3) Are adequately contained, packaged, and labeled; [and] (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code

§ 1791.1.  "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind . . . . Goods to be merchantable must be . . . fit for the ordinary purposes for which such goods are used . . . ."  Cal. Com. Code § 2314.  A plaintiff claiming breach of an implied warranty of merchantability must show that the product "did not possess even the most basic degree of fitness for ordinary use."  Mocek v. Alfa Leisure, Inc., 114 Cal. App. 4th 402, 406 (2003).

In the FAC, Plaintiff claims that LG breached the implied warranty of merchantability because the LG refrigerator was not fit for its ordinary purpose, keeping food fresh.  Plaintiff explains that the LG refrigerator's cooling system shuts down, causing the LG refrigerator's contents to spoil, water to pool on the floor, and ice to melt and re-freeze when the cooling system starts to work again.  See Opp. MTD at 19 (citing FAC ¶¶ 6, 13, 36, 38, & 72).  For the LG refrigerator to work, Plaintiff has to unplug and re-plug the LG refrigerator in to clear its system of errors.  Plaintiff argues implied warranties existed for the LG refrigerator that she purchased and that she is a third-party beneficiary of said implied warranties.  Plaintiff further claims that LG's waiver and/or limits on her LG refrigerator's implied warranties "are unconscionable, illegal, and unenforceable, since Plaintiff and the California Class had no meaningful choice in determining those limitations."  FAC ¶ 97.

The unconscionability alleged by Plaintiff has both a procedural and a substantive element.  See Aron v. U–Haul Co. of California, 143 Cal. App. 4th 796, 808 (2006) (citing Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2000)).  "The procedural element focuses on factors of oppression and surprise."  Berenblat v. Apple, Inc., 2010 WL 1460297, at *4

(N.D. Cal. 2010).  "The oppression component arises from an inequality of bargaining power of the parties to the contract and an absence of real negotiation or a meaningful choice on the part of the weaker party." Kinney v. United Healthcare Servs., 70 Cal. App. 4th 1322, 1329 (1999).  "The meaningfulness of a party's choice is based not only on his relationship to the other party but also on his ability to obtain the goods or services which are the subject of the parties' contract from others." Dean Witter Reynolds, Inc. v. Superior Court, 211 Cal. App. 3d 758, 768 (1989).  In contrast, "[t]he substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create "overly harsh" or "one-sided" results as to 'shock the conscience.'" Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 809 (2006).

LG argues that it excluded the implied warranty of merchantability pursuant to California Commercial Code § 2316(2), which provides that the implied warranty of merchantability may be excluded or modified if the writing mentions merchantability and is conspicuous.  LG notes that the express warranty, which was included in the LG refrigerator's owner manual, contained the following exclusion of the implied warranty:

> **THIS WARRANTY IS IN LIEU OF ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION ANY WARRANTY OF MERCHANITBILITY OR FITNESS FOR A PARTICULAR PURPOSE. TO THE EXTENT ANY IMPLIED WARRANTY IS REQUIRED BY LAW IT IS LIMITED IN DURATION TO THE EXPRESS WARRANTY PERIOD ABOVE.**

MTD at 16 (citing Jang Decl., Ex. A).  LG believes that this waiver of the implied warranty of merchantability was sufficient, but that, in any event, Plaintiff has failed to plead that her LG refrigerator did not possess even the most basic degree of fitness for ordinary use.  LG also argues that Plaintiff is attempting to "evade this plain unambiguous, and conspicuously posted disclaimer by arguing that it is unconscionable."  MTD at 16.

In addition, LG claims the Plaintiff had other options for purchasing a refrigerator or that she could not obtain additional warranty protection from LG.  See Berenblat v. Apple, Inc., 2010 U.S. Dist. LEXIS 46052, at *9 (N.D. Cal., 2010) ("However, while the terms of the warranty are non-negotiable, Plaintiffs do not allege that they lacked other options for purchasing laptop computers or for obtaining additional warranty protection from Apple itself.").  As Plaintiff had other choices, LG argues that Plaintiff cannot adequately plead oppression.

Plaintiff, however, asserts that LG's behavior was procedurally unconscionable because she was unaware and was not made aware of the limitation of damages prior to her purchase.  See Opp. MTD at 18.  The manual was allegedly packed with the LG refrigerator, and therefore was not available to Plaintiff prior to purchase.  See id.  Finally, the contract was procedurally unconscionable as it was presented on a "take it or leave it basis," which prevented Plaintiff from negotiating the terms of the contract.  See id.

With respect to substantive unconscionability, LG argues that "Plaintiff does not make any allegations that would address this element of her claim, such as LG's conduct was overly harsh or one-sided or that the exclusion or limitation of the warranty somehow 'shocks the conscience.'"  MTD at 17.  LG reiterates that such warranty disclaimers are authorized by the UCC and do not offend

1 public policy. See id. (citing Cal. Comm. Code § 2316 and Appalachian Ins. Co.
2 v. McDonnell Douglas Corp., 214 Cal. App. 3d 1, 26 (1989) ("Warranty
3 disclaimers . . . are specifically authorized by the California Uniform Commercial
4 Code . . . and the Supreme Court has held no public policy opposes private,
5 voluntary transactions in which one party, for a consideration, agrees to shoulder a
6 risk which the law would otherwise have placed upon the other party.") (citations
7 omitted)).

8      Plaintiff counters that "Section 2719 of the Uniform Commercial Code only
9 allows for limitation of consequential damages . . . ." However, Plaintiff cites no
10 case law or California code supporting the notion that modifications or exclusions
11 of the implied warranty of merchantability are limited to consequential damages.

12      The court concludes that Plaintiff appears to have been surprised by the
13 terms of her LG refrigerator's warranty, especially because Plaintiff was unable to
14 view the disclaimer prior to purchasing the refrigerator. Plaintiff's pleadings also
15 suggest that her LG refrigerator did not meet the most basic degree of fitness for
16 its standard use. Such inability to use the LG refrigerator for its intended purpose
17 suggests that substantive unconscionability may exist. However, the court agrees
18 that the waiver of the implied warranty of merchantability was not procedurally
19 unconscionable because Plaintiff has not pled either that other choices were not
20 available to her or that she could not obtain additional warranty coverage from
21 LG. Accordingly, this claim is dismissed for failure to state a claim.

22      **c. MMWA Claim**

23      The MMWA provides a federal cause of action for state express and
24 implied warranty claims. 15 U.S.C. §§ 2301, *et seq*. But the MMWA "does not
25 expand the rights under those claims, and dismissal of the state law claims

requires the same disposition with respect to an associated [MMWA] claim." <u>In re NVIDIA GPU Litig.</u>, 2009 U.S. Dist. LEXIS 108500, at *24 (N.D. Cal. 2009). As the court has dismissed Plaintiff's express and implied warranty claims, the MMWA claim must also be dismissed.

**IV. MOTION TO STRIKE**

**A. Legal Standard**

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking the pleadings is considered "an extreme measure," and Rule 12(f) motions are therefore generally "viewed with disfavor and infrequently granted." <u>Stanbury Law Firm v. IRS</u>, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir. 1977)). LG requests that the court strike Plaintiff's class allegations from the FAC pursuant to Rule 12(f) because class, as defined by the Plaintiff, cannot be maintained. However, as the court has dismissed the Plaintiff's claims, LG's motion to strike is moot. Thus, the court need not address this motion further.

**V. CONCLUSION**

For the reasons stated above, defendant LG's motion to dismiss is GRANTED with leave to amend, and LG's motion to strike is DENIED as moot. Plaintiff has until July 8, 2013 to file an amended complaint.

**IT IS SO ORDERED.**

DATED: June 7, 2013

_____
Jeffrey T. Miller
United States District Judge