ROBERT W. THOMPSON, Esq. (SBN 106411)
KATHLEEN M. HARTMAN, Esq. (SBN 219934)
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
2601 Main Street, Suite 800
Irvine, California 92614
Tel : (949) 261-2872
Fax : (949) 261-6060
Email : rthompson@ctsclaw.com
khartman@ctsclaw.com

Attorneys for Plaintiff,
**JEANNETTE CLARK, individually and on behalf of those similarly situated**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE CLARK, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS U.S.A., INC. and DOES 1-25, inclusive<br><br>Defendant. | Case No.: 3:13-cv-0485-JM-JMA<br><br>Judge: Jeffrey T. Miller<br>Mag. Judge: Jan M. Adler<br>Complaint Filed: 12/10/2012<br><br>**CLASS ACTION**<br><br>**DECLARATION OF KATHLEEN HARTMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: December 8, 2014<br>Time: 10:00 a.m.<br>Dept.: 5D |

- 1 -

# DECLARATION OF KATHLEEN HARTMAN

I, Kathleen Hartman, declare as follows:

1. I am a partner at the law firm of Callahan, Thompson, Sherman & Caudill, LLP ("CTSC"), attorneys of record for Jeannette S. Clark. I am licensed to practice law in California and I am admitted to the Southern, Central, and Eastern Districts of California, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I have been admitted pro hac vice to the District Court of Minnesota, the District Court of Nevada, the Southern District Court of Florida, and the State Court of Georgia. The statements made in this declaration are based on personal knowledge or knowledge obtained as an attorney of record working on this case.

2. I have been practicing law for 12 years and have extensive experience in class action litigation on both the plaintiff and defense side. The plaintiff class action litigation cases I have worked on include: (1) *In re Jamster Marketing Litigation.*, case number 3:05-cv-00819-JM-CAB, MDL 1770, a consumer fraud class action on behalf of millions of class members settled for a refund of subscription charges; (2) *Wright v. Linkus*, case number 2:07-cv-01347-MCE-CMK, a wage and hour case that settled for $2,500,000.00; (3) *Stanton v. Hot Topic*, case number BC321700, a wage and hour case that settled for $1,670,000.00; (4) *Shaw v. Avaya*, case number 8:04-cv-01313-DOC-AN, wage contract dispute case that settled for $500,000.00; (5) *Breazier v. Body Shop, Inc.*, case number 01CC00399, a wage and hour case that settled for $500,000.00; (6) *Cholette v. InstallPro, Inc.*, case number 2:10-cv-02153-APG-VCF, a FLSA representative action in Nevada involving off the clock time and underpayment of minimum wages that provided slightly over 80% recovery of estimated damages to class members; (7) *Olivas v. Smart & Final*, a wage and hour class action filed in Orange County Superior Court, recovering $22 million on behalf of employees; (8) *Greditzer v. Infogenesis*, a class filed in Santa Barbara County Superior Court,

recovering approximately $1 million on behalf of 58 employees; and (9) *Rindone v. City of Long Beach,* a class action filed on behalf of female firefighters in the City of Long Beach which resulted in a settlement that included the City agreeing to provide facilities for women.

3. The defense class actions I have worked on include: (1) *Hernandez v. Main Street and Main, Inc.,* filed in Orange County Superior Court, in which I represented a restaurant chain in a class action involving meal and rest breaks; (2) *Cervantes v. Central City East Association*, filed in Los Angeles County Superior Court. I represented business improvement districts in the City of Los Angeles in an action brought on behalf of the homeless in Los Angeles and which was resolved favorably for our clients; (3) *Lomeli v. Cerritos Infiniti*, filed in the Los Angeles County Superior Court, I represented an automobile dealership in an action brought by its employees and which was resolved by way of a complete dismissal in exchange for a waiver of costs; (4) *Burgess v. Texas Loosey's*, filed in the Los Angeles County Superior Court, I represented a restaurant chain in an action brought on behalf of its employees resulting in a denial of class certification on behalf of the defendant client; (5) *Nichols v. Pacific Wine Distributors,* filed in Los Angeles Superior Court, I represent a business engaged in trucking in a class action suit alleging wage and hour claims; and (6) *Portillo v. TGI Fridays, Inc. et al.*, I represent a restaurant in a class action complaint involving alleged reporting time pay violations.

4. I believe I have sufficient experience to adequately represent the proposed class in this litigation. In addition to my class action experience, I am an experienced litigator who has tried cases in State and Federal courts and regularly handles multiple cases. I have been involved in this case from the outset, participated in mediation, and in the negotiations of the settlement agreement. This litigation has included two motions to dismiss brought by LG. If litigation continued, there would be time and expense involved with discovery and experts as

well as risks involved with certifying a class and a motion for summary judgment or summary adjudication.

5. As part of the discovery in this matter to support the settlement, LGE provided discovery confirming, *inter alia*, the number of Signature Model Refrigerators produced, which include refrigerators manufactured for Sears and sold under the Kenmore brand name (approximately 390,337); the number of calls received alleging Refrigerator Issues, as defined in the Settlement Agreement; and the solutions developed to address those issues. An attorney at my firm interviewed the repair technician of Ms. Clark's refrigerator and asked about his experiences with the refrigerators. I spoke with another putative class members who had the exact same problems with his refrigerator as Ms. Clark. Also, I researched comments on the Internet and various websites that included information from others as to their experiences with the refrigerators. Based on my investigation, there was a common pattern of problems with the LG manufactured refrigerators. The settlement of this case is targeted to address those problems.

6. Based on my experience, I believe the settlement of this case is in the best interests of the class. In particular, I believe the settlement is fair and reasonable because it provides monetary relief to the proposed class members that they may not otherwise have available to them. The settlement allows proposed class members to receive up to $500 in damages for spoiled food based upon a declaration and proof of a call for a repair. Most people likely do not have receipts for spoiled food so I believe allowing them to obtain some recovery based on a proof of a call and declaration under penalty of perjury will allow more people the opportunity to participate in the settlement and receive a cash payment. Also, I believe that the proposed class would want their refrigerators repaired and if they could not be repaired, to have an option of a $1,500 credit towards a new refrigerator. By settling this matter now, the proposed class has the opportunity to

receive these remedies sooner rather than waiting perhaps years with only the possibility of receiving any remedy.  Further, the longer the time between the harm and the ability to obtain relief, the more difficult it becomes to find class members and for class members to provide proof of their claims.   Settling now, before long and drawn out litigation occurs, provides a better opportunity for the class to receive the settlement notice and support their claims.

7.     I have no conflict of interest with any putative class member.  I am not able to participate in the settlement nor am I related to the class representative.

8.     Ms. Clark provided a significant amount of assistance in the litigation and settlement of this case.  She spent time discussing her experiences with her refrigerator and she provided documentation to support her claims.  She was at the Early Neutral Evaluation and the mediation with Judge Gonzalez and actively participated in both meetings.  Ms. Clark shared her ideas about what she believed would be a good settlement and she reviewed and made changes to the settlement documents.  I am aware that Ms. Clark is a counselor who owns her own business. Her business makes money by billing for the time that she works. When Ms. Clark was participating in this litigation by reviewing and gathering documents, responding to my questions, and attending the ENE and the mediation, she was not able to bill for her time for her personal business.   Because of her assistance, the money she lost due to her participation in this litigation, and the risks involved, I believe that $5,000.00 as an enhancement to her is reasonable.

9.     CTSC took this case on contingency.   I and members of my firm spent a significant amount of hours litigating this case and working toward settlement.  During that time we were precluded from working on other, non-contingent cases.  The settlement provides the CTSC can ask for a fee award of up to $359,444.00 and recovery of cost up to $8,206.40.  These numbers were based on a loadstar calculation and are intended to compensate the firm for its time, the risks inherent in this litigation, the contingent nature of the case, and the expenses

1 incurred.  I believe the fees and costs are very reasonable given the nature of this case.  The parties did not start the negotiation for attorneys' fees and costs until after the terms of the settlement to the class were reached.

    10.    On December 11, 2013, counsel for LGE contacted me to discuss the possibility of settlement.  The parties exchanged briefs prior to attending the ENE.  A Representative of LGE and the Plaintiff, together with their respective counsel, appeared in person at the ENE where the Parties were able to reach an agreement in principle that was put into the court record.  A true and correct copy of the agreement that was put on the record is attached at Exhibit 2.  Robert Thompson and I participated in the ENE on behalf of Ms. Clark and we later participate in mediation before the Honorable Irma Gonzalez (ret.) to further attempt to resolve this litigation.

    11.    Attached at Exhibit 1 is a true and correct copy of the Settlement Agreement in this matter.

    12.    Attached at Exhibit 3 is a true and correct copy of a brochure for Strategic Claims Services ("SCS").

    13.    LGE represented to me that it had not previously used SCS.

    14.    Attached at Exhibit 4 is a true and correct copy of the USA Today Rate Card published on the USA Today website at http://static.usatoday.com/en/advertising/

    15.    I was not able to locate any other class action litigation involving the same claims as those included in the proposed Settlement Agreement.  Also, I was advised by Defense Counsel that no other class action litigation was pending.

    I declare under penalty of perjury of the laws of the United States and California that the foregoing is true and correct.  Signed this 28th day of October 2014.

                            *s/Kathleen Hartman*
                            Kathleen Hartman, Declarant