# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEANNETTE CLARK, individually and on behalf of those similarly situated, | ) ) ) | Case No.:  3:13-cv-0485-JM-JMA |
| | ) ) | Judge:  Jeffrey T. Miller Mag. Judge:  Jan M. Adler |
| Plaintiff, | ) ) | Complaint Filed:  12/10/2012 |
| vs. | ) ) | |
| LG ELECTRONICS U.S.A., INC. and DOES 1-25, inclusive | ) ) ) | |
| Defendant. | ) | |

**<u>AGREEMENT OF SETTLEMENT</u>**

This Agreement of Settlement ("Settlement Agreement" or "Agreement") is made and entered into by and between Plaintiff, Jeannette S. Clark, individually and as Class Representative of the Settlement Class, on behalf of herself and the Settlement Class, and Defendant, LG Electronics U.S.A., Inc. ("Defendant" or "LG US"), to settle and compromise the Litigation and settle, resolve, and discharge the Released Claims, as those terms are defined below, according to the terms and conditions herein.

## I.   **RECITALS**

A.     Plaintiff Jeannette S. Clark filed a class action complaint against LG US in California state court on December 10, 2012 alleging that the LG Signature Model refrigerator she purchased suffered certain defects that LG US failed to disclose.  Plaintiff brought claims for violations of certain California consumer protection statutes and for breach of express and implied warranty.  On January 14, 2013, Plaintiff filed a First Amended Complaint ("FAC"), which LG US removed to Federal Court on February 28, 2013.  On April 8, 2013, LG US moved to dismiss Plaintiff's FAC on a number of grounds and, in an Order dated June 7, 2013, the Court granted LG US's motion to dismiss in its entirety, but granted Plaintiff leave to amend.

B.     On July 8, 2013, Plaintiff filed a Second Amended Complaint ("SAC").  In her SAC, Plaintiff reasserted her allegations that she experienced a number of problems with her refrigerator, that these problems were caused by certain undisclosed defects, that LG US failed to adequately repair her refrigerator, and that others had experienced the same problems.  The SAC asserted six causes of action: (1) violation of the California Consumer Legal Remedies Act ("CLRA"); (2) violation of the California Business & Professions Code § 17200 ("UCL"); (3) violation of the California Business & Professions Code § 17500 ("FAL"); (4) breach of express warranty; (5) breach of implied warranty; and (6) violation of the Magnuson-Moss Warranty Act ("MMWA").  Plaintiff also sought to certify California Classes for all six causes of action and a Nationwide Class for her MMWA claims.

C.     On August 5, 2013, LG US moved to dismiss Plaintiff's SAC.  By Order dated October 29, 2013, this Court granted in part and denied in part LG US's motion.  This Court denied LG US's motion as to the CLRA, UCL, FAL, breach of implied warranty, violation of the MMWA as to breach of implied warranty, and class allegations.  This Court granted the motion as to breach of express warranty, allowing Plaintiff leave to amend should additional facts become available during discovery; the MMWA as to breach of express warranty only; and the allegations on behalf of the general public under the UCL, FAL, and breach of implied warranty.

D.      LG US filed its Answer to the SAC on December 2, 2013.  On December 17, 2013, the Court ordered the Parties to attend an Early Neutral Evaluation Conference (the "Conference") on January 29, 2014, to be presided over by the Honorable Magistrate Judge Jan M. Adler.  Approximately six weeks prior to the Conference, on December 11, 2013, counsel for LG US contacted Class Counsel and initiated settlement discussions.  LG US reduced its proposal in writing in the Early Neutral Evaluation Statement submitted to Magistrate Judge Adler and Class Counsel on January 22, 2014.  A Representative of LG US and the Plaintiff, together with their respective counsel, appeared in person at the Conference where the Parties were able to reach an agreement in principle that was put into the court record.

E.      As a result of the Conference, and at the request of Class Counsel, LG US provided discovery confirming, *inter alia*, the number of Signature Model Refrigerators produced, the number of calls received alleging Refrigerator Issues, as defined herein, and the solutions developed to address those issues.  Plaintiff and Class Counsel are sufficiently familiar with the facts of the case and the applicable law to evaluate the fairness of the Settlement.  Plaintiff and Class Counsel believe that the Settlement is fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Litigation pursuant to the terms and provisions of this Agreement.

F.      LG US denies the claims asserted against it in the Litigation and denies all allegations of wrongdoing and liability.  LG US further believes that it has, at all times, complied with all applicable federal and state laws.  LG US maintains that it has meritorious defenses to Plaintiff's claims. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, LG US has concluded that further defense of the Litigation would be protracted, burdensome, and expensive, and that it is desirable and beneficial to it that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This settlement is a compromise, and the Settlement, the Agreement, and any related documents, and any negotiations resulting in this Settlement shall not be construed or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of LG US with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

G.      Plaintiff and Class Counsel believe that the claims asserted in the Litigation have merit and that they could have certified an adversarial class action.  Nonetheless, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Litigation against LG US through trial and any subsequent appeals which LG US likely would take, including appeals

from the class certification order, from any judgment or from any jury verdict (and any further trials that might be necessary in the wake of an initial appeal), all of which would delay substantially the Settlement Class Members' receipt of benefits from the Litigation.  Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Therefore, balancing the costs, risks, and delay of continued litigation against the benefits of the Settlement to the Settlement Class, Plaintiff and Class Counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred as against the Released Parties pursuant to the terms set forth herein.

H.      The Parties agree that the Settlement was reached in good faith following arm's-length bargaining presided over by Magistrate Judge Adler and in later mediation sessions with Honorable Irma E. Gonzalez (ret.), and that the Settlement reflected herein confers substantial benefit upon the Parties and the Settlement Class.

I.      The total consideration to be provided by LG US to the Settlement Class was negotiated and agreed upon separate and apart from any agreement as to the consideration to be paid to Class Counsel on account of attorneys' fees and expenses or incentive awards to the Class Representative.

NOW, THEREFORE, it is hereby stipulated and agreed by and among Plaintiff, individually and on behalf of the Settlement Class, and LG US, by and through their respective undersigned counsel that, subject to the final approval of the Court and in consideration of the benefits flowing to the Parties from the Agreement as set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released as against the Released Parties, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## II.      AGREEMENT

### 1.0.    DEFINITIONS

As used in this Settlement Agreement and the accompanying exhibits, the following terms have the meanings set forth below.

1.1.      "Attorneys' Fees, Costs and All Other Expenses" means the settlement amounts approved by the Court for payment to Class Counsel to cover attorneys' fees, costs, and all other expenses from the inception of the Litigation through its conclusion, except for those items specifically assigned as Defendant's responsibility under this Agreement.

1.2.      "Class Counsel" means Robert W. Thompson and Kathleen Hartman of Callahan, Thompson, Sherman & Caudill, LLP.

1.3.    "Claims Administrator" means Strategic Claims Services which the Parties agree to recommend that the Court appoint as the Claims Administrator.

1.4.    "Claim Form" means the claim form, with the language and substantially in the form set forth in Exhibit A to this Agreement, which form must be timely completed and submitted for a Settlement Class Member to be eligible for Covered Repairs or reimbursement of reasonable and verifiable out-of-pocket expenses or damages under the terms of this Agreement.

1.5.    "Claims Period" means the time during which any Settlement Class Member may submit a Claim Form for Covered Repairs or reimbursement of reasonable and verifiable out-of-pocket expenses or damages under the Settlement, which will commence on the date on which the Summary Notice (Exhibit B) is published in a national newspaper, pursuant to Paragraph 3.5, below, and end seventy-five (75) days thereafter.

1.6.    "Class Representative" means the named Plaintiff in the Litigation, Jeannette S. Clark.

1.7.    "Court" means the United States District Court for the Southern District of California.

1.8.    "Covered Repairs" means all repairs necessary to address the Refrigerator Issues.

1.9.    "Defendant" means LG Electronics U.S.A., Inc.

1.10.   "Defense Counsel" means Defendant's counsel of record in the Litigation:  Wright & L'Estrange, Park Jensen Bennett LLP, and Eimer Stahl LLP.

1.11.   "Effective Date" will be the Final Approval Date unless a Settlement Class Member files a timely Objection to the Settlement that is not withdrawn before the Final Approval Date.  If a Settlement Class Member files a timely Objection to the Settlement that is not withdrawn before the Final Approval Date, then the Effective Date will be thirty-one (31) days following the Final Approval Date, unless the Settlement Class Member files a timely notice of appeal of the Settlement.  If a Settlement Class Member who has filed a timely Objection to the Settlement also files a timely notice of appeal of the Court's order approving the Settlement, then the Effective Date will be the date the appeal is dismissed or the Settlement is affirmed and no longer subject to further appellate review.

1.12.   "Fairness Hearing" means the hearing at which the Court will hear Objections and consider whether the Settlement is fair, reasonable, and adequate.

1.13.   "Final Approval Date" will be the date on which the Final Approval Order is entered on the Court's docket.

1.14.   "Final Approval Order" means the Order and Judgment of the Court approving this Settlement in accordance with applicable jurisprudence; entering an Order dismissing this matter with prejudice; ruling on the applications for the Attorneys' Fees, Costs and All Other Expenses and

incentive award to the Class Representative; and issuing such other findings and determinations as the Court or the Parties deems necessary and appropriate to effectuate the terms of this Agreement.

1.15.    "Litigation" means the instant case captioned *Clark v. LG Electronics U.S.A., Inc.,* Civil Action No. 13-cv-0485-JM-JMA, in the Southern District of California.

1.16.    "Notice" means the form of notice of this Settlement to the Settlement Class described in Section 3 below, and substantially in the form of Exhibits C (Long Form Notice) and B (Summary Notice), which Notice shall be submitted to the Court for approval.

1.17.    "Notice and Claims Administration Expenses" means all reasonable costs and expenses incurred in connection with preparing, printing, and publishing the Notice, establishing and maintaining a Settlement website, as well as processing claims and administering the Settlement.

1.18.    "Notice Plan" means the plan for disseminating Notice to the Settlement Class, which shall include notice by first-class U.S. Mail, email, publication, and creation of a website as described in Section 3 below.

1.19.    "Objection" means a written objection timely submitted to the Court by any Settlement Class Member contesting the fairness, reasonableness, and adequacy of the Settlement.

1.20.    "Preliminary Approval Order" means the Order to be entered by the Court pursuant to the Motion for Preliminary Approval of Settlement, substantially in the form attached hereto as Exhibit D.

1.21.    "Parties" means the Class Representative, on behalf of herself and the Settlement Class, and Defendant.

1.22.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.23.    "Proof of Claim" means, pursuant to the claims procedure described in Section 4 below, proof submitted prior to the end of the Claims Period that a Settlement Class Member made a complaint about a Refrigerator Issue and incurred out-of-pocket expenses or damages for spoiled food or other property damage resulting directly from Refrigerator Issues the Settlement Class Member experienced. To establish Proof of Claim, a Settlement Class Member must submit the Claim Form (Exhibit A) along with the required documentation.

1.24.    "Publication Notice" means the date on which the Summary Notice (Exhibit B) is published, pursuant to Paragraph 3.5, below.

1.25.   "Refrigerator(s)" means the LG Signature Model Refrigerators and Sears Kenmore Model Refrigerators identified in Exhibit E, attached hereto, sold in the United States by LG US through its authorized retailers and by Sears, respectively.

1.26.   "Refrigerator Issues" means problems associated with the ice fan, as evidenced by at least one of the following objective indicators:  an IF error code ("IF ER") in the control panel; low or no ice production; clogged ice systems; water leaking; the Refrigerator shutting off on its own; loud motor sounds; or ticking and grinding that goes away when the Refrigerator is shut off.

1.27.   "Repair Period" means the period of time in which LG US and Sears must perform Covered Repairs as requested by Settlement Class Members during the Claims Period.  The Repair Period shall end ninety (90) days after the Effective Date.  Any class member who makes a request for repair within The Repair Period shall receive Covered Repairs, even if LG US or Sears is unable to conduct such repair until after termination of The Repair Period.

1.28.   "Released Claims" means any and all claims, demands, judgments, actions, suits, obligations, promises, rights, liabilities and causes of action, whether individual, class, or otherwise in nature, for damages whenever incurred, and for liabilities, including for penalties, statutory damages, punitive or exemplary damages, fines, charges, costs, expenses, injunctive relief, declaratory relief, attorneys' fees; of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future; including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that the Class Representative or any Settlement Class Member ever had, has or may have against the Released Persons or that LG US or Sears ever had, has or may have against the Class Representative arising out of or related in any way to the subject matter of this Litigation (*i.e.*, defect in the Refrigerators) or to the administration of claims under this Settlement, but do not include claims for personal injury.

1.29.   "Released Persons" means (i) Defendant LG Electronics U.S.A., Inc., including its parent companies, subsidiary companies, affiliated companies, divisions and suppliers, past, present and future parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, shareholders, employees, agents, insurers, authorized distributors, retailers, and repair service providers, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) and (ii) Sears, Roebuck and Co., including its parent companies,

7

subsidiary companies, affiliated companies, divisions and suppliers, past, present and future parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, shareholders, employees, agents, insurers, authorized distributors, retailers, and repair service providers, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing).

1.30.   "Settlement" means the settlement set forth in this Agreement.

1.31.   "Settlement Class" means a nationwide class of persons in the United States who have purchased, not for resale, Refrigerators, as defined in this Agreement on or before January 29, 2014. Excluded from the Settlement Class are:

a)      Persons who purchased a Refrigerator for resale;

b)      Persons who validly and timely exclude themselves from the Settlement Class, using the procedure set forth in Paragraph 5.3;

c)      Persons who have settled with and released LG US or Sears from individual claims substantially similar to those alleged in this Litigation or Persons who have had adjudicated claims substantially similar to those alleged in this Litigation;

d)      Any officer, director or employee of LG US or Sears or their subsidiaries and affiliates;

e)      The Judge(s) to whom the Litigation is or will be assigned; and

f)      Class Counsel, Defense Counsel, or any employee in their respective law firms.

1.32.   "Settlement Class Member" means a person who falls within the definition of the Settlement Class.

1.33.   "Settling Parties" means, collectively, the Defendant, Sears, the Class Representative, and all Settlement Class Members.

1.34.   The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

**2.0.   SETTLEMENT CONSIDERATION**

2.1.   **Repairs:**   Covered Repairs shall be made in accordance with the procedures set forth in Section 4, during the Repair Period.  The repair benefit is subject to Settlement Class Members' submission of a Claim Form requesting repair as described in Paragraphs 4.1- 4.2, below.  Covered Repairs under the Settlement Agreement shall be performed solely by LG US, Sears (in the case of Kenmore Model Refrigerators), or their authorized service providers.  Nothing in this Settlement Agreement shall prevent LG US or Sears from continuing to provide service and repair for Refrigerators at its election prior to the Repair Period.  In the event Covered Repairs performed on a Refrigerator

during the Repair Period are not successful and upon verification by LG US, Settlement Class Members will have the option of obtaining either a $1,500.00 discount on a new LG US refrigerator (if the Refrigerator is an LG Signature Model Refrigerator) or Sears Kenmore refrigerator (if the Refrigerator is a Kenmore Model Refrigerator), which discount is to be provided by LG US, or further service and repair.

2.2.     **Reimbursement for Property Damage:**  Pursuant to this Agreement, all Settlement Class Members who experience Refrigerator Issues prior to Publication Notice are entitled to reimbursement for the out-of-pocket expenses or damages incurred in connection with spoiled food or other property damage resulting directly from a Refrigerator Issue, not to exceed $5,000.00 per Refrigerator.  Pursuant to the claims procedure described in Section 4 below, the reimbursement benefit is subject to Settlement Class Members' submission of a Claim Form, along with the required documentation, which will be verified pursuant to Paragraphs 4.4-4.7 and 4.11, below.  Within sixty (60) days after the Effective Date of the Settlement, in accordance with the timing established in this Agreement, LG US will reimburse Settlement Class Members for these costs.  No damages occurring after Publication Notice shall be considered for purposes of reimbursement under this Agreement.  Any damages that occur after Publication Notice are subject to provision 2.6.

2.3.     **Warranty Extension:**  LG US and Sears will provide an extended limited warranty for Refrigerator Issues for one (1) additional year after the expiration of the Refrigerator's original one (1) year warranty (or following the expiration of an extended warranty in the event that one was purchased).  The Warranty Extension shall be limited to the costs of parts and labor for repairs necessitated by the actual manifestation of Refrigerator Issues.

2.4.     **Warranty Fulfillment:**  Covered Repairs under the Warranty Extension will be performed solely by LG US (or Sears, in the case of Kenmore Model Refrigerators), or its authorized service providers.  Settlement Class Members may make a claim for repair under the limited extended warranty for Refrigerator Issues following the expiration of the Claims Period defined in Paragraph 1.5 above, in accordance with the procedures set forth in Paragraph 4.3, below.

2.5.     **Notice and Claims Administration Expenses:**  Defendant will bear all Notice and Claims Administration expenses incurred in effectuating the Settlement.

2.6.     **Effect on Existing Warranties or Customer Satisfaction Programs:**  Except as expressly provided herein, nothing in this Agreement will be construed as adding to, diminishing or otherwise affecting any warranty, duty, or contractual obligation of Defendant in connection with the Refrigerators.

2.7.   **Releases**:

a)   <u>Class Representative and Settlement Class Member Releases</u>:  Upon the Effective Date, Class Representative and Settlement Class Members, and each of them, forever release, discharge and covenant not to sue the Released Persons regarding any of the Released Claims, which shall be understood to include all such claims which they do not know of or suspect to exist in their favor at the time of this release and which, if known by them, might have affected their settlement and release of the Released Persons or might have affected their decision not to Object to this Agreement.  With respect to all Released Claims, the Settling Parties stipulate and agree that Class Representative and Settlement Class Members shall expressly waive and relinquish Released Claims to the fullest extent permitted by law, including claims covered by:  (a) Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law, or foreign or international law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  The releases set forth in this Agreement shall apply whether or not the Class Representative and Settlement Class Members Objected to the Settlement and whether or not they make a claim upon or avail themselves of the Settlement and even if Class Representative and/or Settlement Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true.  Upon the Effective Date, Class Representative and Settlement Class Members fully, finally and forever settle and release any and all of the claims, demands, judgments, actions, suits, obligations, promises, rights, and liabilities causes of action, whether individual, class, or otherwise in nature, for damages whenever incurred, and for liabilities, including for penalties, statutory damages, punitive or exemplary damages, fines, charges costs, expenses, injunctive relief, declaratory relief, attorneys' fees; of every nature and description defined as Released Claims, whether known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future; including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a material element

of the Agreement.

b) <u>LG US and Sears Releases</u>:  Upon the Effective Date, LG US and Sears forever release, discharge and covenant not to sue the Class Representative for any of the Released Claims, which shall be understood to include all such claims which it knows, does not know of, or suspects to exist in its favor at the time of this release and which, if known by it, might have affected its settlement and release of the Class Representative.  The Settling Parties stipulate and agree that LG US and Sears shall expressly waive and relinquish Released Claims as to the Class Representative to the fullest extent permitted by law, including claims covered by:  (a) Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law, or foreign or international law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  Upon the Effective Date, Class Representative and LG US and Sears finally and forever settle and release any and all of the claims, demands, judgments, actions, suits, obligations, promises, rights, and liabilities causes of action, whether individual, class, or otherwise in nature, for damages whenever incurred, and for liabilities, including for penalties, statutory damages, punitive or exemplary damages, fines, charges costs, expenses, injunctive relief, declaratory relief, attorneys' fees; of every nature and description defined as Released Claims, whether known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future; including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a material element of the Agreement.

### 3.0.   <u>NOTICE TO THE SETTLEMENT CLASS</u>

3.1.    The Court-approved Claims Administrator shall be responsible for implementing the Notice Plan.  Moreover, as a condition of its retention, the Claims Administrator must agree that (a) it will, in a neutral manner, fulfill all responsibilities and duties assigned to the Claims Administrator

under the terms of this Agreement, and (b) Class Representative, Class Counsel, Defendant, and the Released Persons reserve all claims and rights for any failure by the Claims Administrator to fulfill its responsibilities and duties.

3.2.    Under the Notice Plan, the Claims Administrator shall send the Long Form Notice, attached hereto as Exhibit C, and Claim Form, attached hereto as Exhibit A, by first-class mail to the last-known mailing address of all Settlement Class Members who purchased the Refrigerators and for whom LG US and Sears have contact information from their own databases.  Prior to the Motion for Preliminary Approval, LG US will provide the number of persons for whom the last-known mailing address or email address is available so that such information can be included in the Motion for Preliminary Approval. No later than ten (10) days after the Preliminary Approval Order is entered, LG US shall provide to the Claims Administrator in computer readable format the mailing addresses, emails, and phone numbers of all Settlement Class Members contained in LG US's and Sears's databases.  The Claims Administrator shall update all mailing addresses with available national databases so as to ensure the most accurate mailing addresses for all Settlement Class Members.  Mailing of the Long Form Notice and Claim Form shall be completed not more than thirty (30) days after the Preliminary Approval Order is entered.

3.3.    The Long Form Notice and Claim Form will be emailed to Settlement Class Members for whom an email address is known not more than thirty (30) days after the Preliminary Approval Order is entered.

3.4.    The Claims Administrator shall create a dedicated Settlement website with information about the Settlement no more than thirty (30) days after the Preliminary Approval Order is entered.  The website shall contain downloadable copies of the Long Form and Summary Notices, Settlement Agreement, Claim Form, and other relevant documents.  The Long Form Notice, Summary Notice, and Claim Form will also be available in Spanish upon request.  The website shall be maintained until the last day of reimbursement.

3.5.    The Summary Notice, attached hereto as Exhibit B, shall be published once in *USA Today* within thirty-seven (37) days of the Preliminary Approval Order.  The Summary Notice shall be published in 1/6th page black and white unit of advertising space.

3.6.    The Claims Administrator shall be responsible for, without limitation: (i) mailing and emailing the Long Form Notice and Claim Form; (ii) arranging for the publication of the Summary Notice; (iii) responding to requests for copies of the Notice and/or Claim Form; (iv) establishing a Settlement website on which the Notice shall be posted, where Settlement Class Members will be able to

access a Claim Form; (v) providing a declaration attesting to the measures undertaken to provide Notice; and (vi) administration of claims as set forth below.

3.7.     LG US will ensure that, within ten (10) days after entry of the Preliminary Approval Order, the Claims Administrator serves upon the appropriate State official in each State of the United States, and the appropriate Federal official, a notice of the proposed Settlement consisting of the materials required by 28 U.S.C. § 1715 of the Class Action Fairness Act.

3.8.     No later than thirty (30) days prior to the Final Approval Hearing, the Claims Administrator shall provide declarations to the Court, with a copy to Class Counsel and Defendant, attesting to the measures undertaken to provide Notice.

3.9.     Upon request, the Claims Administrator shall provide to Class Counsel and Defendant's counsel information and data concerning the claims made, the amount of each claim and related claims information, such that Class Counsel and Defendant's counsel may inspect and monitor the claims process.  The Claims Administrator shall provide such information in a declaration format for submission to the Court as part of the Motion for Final Approval of the Settlement Agreement.

3.10.    The Parties shall agree on language announcing the settlement to the press.  Nothing in this Paragraph shall be deemed to prevent Class Counsel from communicating with the Class Representative and Settlement Class Members and discussing the nature, benefits, and reasons for this Settlement with them.

3.11.    All costs of the Notice program will be paid by Defendant.

**4.0.     CLAIMS ADMINISTRATION AND CLAIMS PROCEDURE**

4.1.     Settlement Class Members who seek Covered Repairs under this Agreement (except those seeking Covered Repairs pursuant to the Warranty Extension benefit provided in Paragraph 2.3) because they have experienced Refrigerator Issues must submit a completed Claim Form requesting repair to the Claims Administrator in accordance to the procedures set forth in Paragraph 4.2 and the Claim Form, attached hereto as Exhibit A.

4.2.     All claims for Covered Repairs that accrued prior to the end of the Claims Period must be submitted to LG US within the Claims Period.  Except as provided in Paragraph 4.3, any Settlement Class Member who fails to submit a timely claim for repair for Refrigerator Issues that occurred prior to the end of the Claims Period shall be forever barred from receiving any reimbursement or repairs as contemplated by this Agreement.  A Claim Form for Covered Repairs shall be deemed to have been submitted when postmarked, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and completed in accordance with the instructions contained in this Agreement.

4.3.    All claims for Covered Repairs made pursuant to the Warranty Extension benefit described in Paragraph 2.3 above for Refrigerator Issues occurring after the end of the Claims Period must be submitted prior to the expiration of the limited extended warranty.  Claims for repair made pursuant to the Warranty Extension benefit must be made by calling [LG 800 NUMBER] or [SEARS 800 NUMBER] (in the case of Kenmore Model Refrigerators).  Any Settlement Class Member entitled to the Warranty Extension benefit who fails to make a claim for repair by (and including) the last day of the limited extended warranty shall be forever barred from receiving any reimbursement or repairs as contemplated by this Agreement.  A claim for repair made pursuant to the Warranty Extension shall be deemed to have been submitted when the Settlement Class Member requests service from LG US or Sears in accordance with the procedures set forth herein.

4.4.    Claims for reimbursement of the out-of-pocket expenses and damages relating to spoiled food resulting directly from Refrigerator Issues that occurred prior to Publication Notice and that totaled $500.00 or less must be submitted to the Claims Administrator in accordance with the procedures set forth in this Paragraph and the Claim Form, attached hereto as Exhibit A.

a)    All such claims must be accompanied by a completed Claim Form and a sworn declaration providing a description of the spoiled food, the approximate date the spoiled food was discovered, and the approximate cost of any such spoiled food.  Additionally, all such claims are subject to the verification procedures described in either b), c), d), e), f) and g) below.

b)    To be eligible for reimbursement, LG US must confirm, either through its own records or records supplied by the Class Member, that shortly after discovery of the spoiled food:  (i) either a call was placed to an LG US (or Sears, in the case of Kenmore Model Refrigerators) customer service center reporting Refrigerator Issues or that a repair was made by LG US (or Sears, in the case of Kenmore Model Refrigerators), to address Refrigerator Issues, or (ii) either a call was placed to an independent third-party service provider reporting Refrigerator Issues or a repair was made by an independent third-party service provider to address Refrigerator Issues.

c)    In the event that a Settlement Class member made a call to or received a repair from an independent third-party service provider, rather than LG US or Sears, the documentary evidence can consist of a telephone record, repair order, or proof of payment to a third-party service provider.

d)    In order for LG US to confirm that Class Members contacted an LG US or Sears customer service center or received a service or repair, the Class Member must supply on the Claim Form the approximate date of the call to an LG US or Sears customer service center, the name of the individual who called the service center (if different than the name on the Claim Form), and the phone

14

number provided to the customer service center (if different than the number on the Claim Form).

e)      To the extent Settlement Class Members have itemized receipts or invoices for damaged food or photographic pictures or images of damaged food or damage and/or repair to the Refrigerator, these documents should be submitted along with the Claim Form.  A form sworn declaration is to be provided with the Claim Form.

f)      If the Class Member indicates that a call was placed to LG US or Sears and neither LG US nor Sears have a record of the call, the Claims Administrator will contact that Class Member and request them to provide independent proof of that call such as a telephone record.  If the Class Member is unable to provide independent proof of that call within thirty days of the request by the Claims Administrator then his/her claim will be rejected.

g)      In the event the records provided by the Class Member or maintained by LG US or Sears do not reflect a complaint about spoiled food or Refrigerator Issues such that the Claims Administrator cannot determine from the available evidence of a call that the damages claimed by the Class Member were caused by Refrigerator Issues, the Claims Administrator will conduct a follow-up interview of that Class Member, which shall be recorded (with clear notice to the Class Member).  During the call, the Claims Administrator must clarify the type of Refrigerator Issue(s) the Class Member experienced, the food and/or other property damage claimed, and whether the claimed damage was caused by Refrigerator Issues or by something other than a Refrigerator Issue.  Upon completion of the follow-up interview, the Claims Administrator will report his or her decision whether to accept the claim to counsel for both Plaintiff and LG US.  The Claims Administrator's decision will be final, subject to Paragraph 3.1, above.

4.5.    Claims for reimbursement of out-of-pocket expenses and damages relating to spoiled food totaling more than $500.00 and claims asserting other property damage resulting directly from Refrigerator Issues that occurred prior to Publication Notice must be submitted to the Claims Administrator in accordance with the procedures set forth in this Paragraph and in the Claim Form, attached hereto as Exhibit A.

a)      All such claims must be accompanied by a completed Claim Form, itemized receipts or invoices, and a sworn declaration identifying in detail a description of the spoiled food or other property damage, the approximate date the spoiled food or other property damage was discovered, the cost of any such spoiled food, the date(s) the spoiled food was purchased, and the cost of repairing any other property damages incurred.  Additionally, all such claims are subject to the verification procedures described in b), c), d), e), f), and g) below as well as a $5,000.00 cap per Refrigerator.

b)      To be eligible for reimbursement, LG US must confirm, either through its own records or records supplied by the Class Member, that shortly after discovery of the spoiled food:  (i) either a call was placed to an LG US (or Sears, in the case of Kenmore Model Refrigerators) customer service center reporting Refrigerator Issues or that a repair was made by LG US (or Sears, in the case of Kenmore Model Refrigerators) to address Refrigerator Issues, or (ii) either a call was placed to an independent third-party service provider reporting Refrigerator Issues or a repair was made by an independent third-party service provider to address Refrigerator Issues.

c)      In the event that a Settlement Class member made a call to or received repair from an independent third-party service provider, rather than LG US or Sears, the documentary evidence can consist of a telephone record, repair order,  or proof of payment to a third-party service provider.

d)      In order for LG US to confirm that Class Members contacted an LG US or Sears customer service center or received a service or repair, the Class Member must supply on the Claim Form the approximate date of the call to an LG US or Sears customer service center, the name of the individual who called the service center (if different than the name on the Claim Form), and the phone number provided to the customer service center (if different than the number on the Claim Form).

e)      To the extent Settlement Class Members have photographic pictures or images of damaged food, damaged property, or damage and/or repair to the Refrigerator, these documents should be submitted along with the Claim Form.  A form sworn declaration is provided with the Claim Form.

f)      If the Class Member indicates that a call was placed to LG US or Sears and neither LG US nor Sears have a record of the call, the Claims Administrator will contact that Class Member and request them to provide independent proof of that call such as a telephone record.  If the Class Member is unable to provide independent proof of that call within thirty days of the request by the Claims Administrator then his/her claim will be rejected.

g)      In the event the records provided by the Class Member or maintained by LG US or Sears do not reflect a complaint about spoiled food or Refrigerator Issues such that the Claims Administrator cannot determine from the available evidence of a call that the damages claimed by the Class Member were caused by Refrigerator Issues, the Claims Administrator will conduct a follow-up interview of that Class Member, which shall be recorded (with clear notice to the Class Member).  During the call, the Claims Administrator must clarify the type of Refrigerator Issue(s) the Class Member experienced, the food and/or other property damage claimed, and whether the claimed damage was caused by a Refrigerator Issue or by something other than a Refrigerator Issue.  Upon completion of the follow-up interview, the Claims Administrator will report his or her decision whether to accept the claim to

16

counsel for both Plaintiff and LG US.  The Claims Administrators' decision will be final, subject to Paragraph 3.1, above.

4.6.    All Claim Forms for reimbursement of damages incurred prior to Publication Notice must be submitted within the Claims Period.  Any Settlement Class Member who fails to submit a Claim Form for reimbursement by (and including) the last day of the Claims Period shall be forever barred from receiving any reimbursement as contemplated by this Agreement.  A Claim Form shall be deemed to have been submitted when postmarked, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and completed in accordance with the instructions contained in this Agreement.  Settlement Class Members are responsible for ensuring the Claim Form is received.  Claim Forms received more than fifteen (15) days after the last day of the Claims Period, even though timely postmarked, will be considered late and not entitled to receive any reimbursement or repairs as contemplated by this Agreement.

4.7.    The Claims Administrator will be responsible for implementing and administering reimbursement claims by Settlement Class Members, including, but not limited to:  receiving and conducting a validation screening of claims to determine timeliness of submission, completeness of the claim, and completeness of Proof of Claim or any other requested information, and confirm or deny the Settlement Class Member's eligibility for monetary reimbursement.  The Claims Administrator shall determine the extent, if any, to which each claim shall be accepted and allowed, in accordance with the terms of this Agreement.  If the Claims Administrator denies a claim, it will advise the Class Counsel and Defense Counsel of the reason for the denial.  The Class Counsel, Defense Counsel, and the Claims Administrator will then meet and confer to determine if the reason for the denial conforms to the terms of this Agreement.  The Claims Administrator's determination will be final, but is subject to challenge, consistent with paragraph 3.1.  The Claims Administrator will also be responsible for forwarding all requests for Covered Repairs to LG US.

4.8.    LG US (or Sears, in the case of Kenmore Model Refrigerators), or its designated authorized service providers are required to perform all Covered Repairs requested by Class Members pursuant to this Agreement during the Repair Period provided that a request for repair was received.

4.9.    The Claims Administrator is required, within sixty (60) days of the Effective Date, to send to Class Members, by first-class mail, all reimbursements set forth in Paragraph 2.2.  The approved reimbursements will be paid in the form of a check.  All other payments / repairs that become necessitated by Section 4 of the Agreement shall be paid / made in the normal course of business.

4.10.    Claim Forms that do not meet the requirements set forth in this Agreement and in the

Claim Form shall be rejected.  Reasons for rejection of requests for Covered Repairs shall include, but are not limited to, requests for repairs not covered by the Agreement, requests for repairs to Refrigerators not covered by the Agreement, or untimely requests.  Reasons for rejection of reimbursement shall include, but are not limited to, failure to accurately provide in good faith a timely Proof of Claim or any other required information or failure to have made a call reporting a Refrigerator Issue.  Within sixty (60) days of the Effective Date, the Claims Administrator shall notify in writing any claimant whose Claim Form has been rejected, in whole or in part, setting forth the reasons for the rejection, as well as providing notice of the claimant's right to contest the rejection and the opportunity to cure any deficiency noted as set forth in Paragraph 4.11, below.

4.11.    If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection or to seek to cure any deficiency noted, the claimant must, within thirty (30) days after the date of mailing of the notice of the rejection described in Paragraph 4.10 above, mail to the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection and/or provide any information required to cure any deficiency, along with any supporting documentation, and requesting further review by the Claims Administrator of the denial of the claim. Submissions by the Settlement Class Member, if subsequently approved for payment, will be subject to the claim validation process and the procedures outlined in Paragraphs 4.4-4.7.

4.12.    No monetary reimbursement or other consideration shall be paid to Settlement Class Members pursuant to this Settlement until after:  (a) the Effective Date has occurred; *and* (b) a final determination of the Settlement Class Member's claim has been made by the Claims Administrator.

4.13.    Checks sent to Settlement Class Members shall remain negotiable for one hundred twenty (120) days from the date of mailing.  Funds represented by checks sent to Class Members pursuant to this section remain the property of LG US until and unless they are properly and timely negotiated by the Settlement Class Member.  Checks that are not cashed within one hundred twenty (120) days of their issuance will be void and the associated funds will remain the property of and/or revert to LG US.  In the event that a check is returned to the Claims Administrator by the Post Office as undeliverable, the Claims Administrator will make reasonable efforts to contact the Settlement Class Member, determine the current address, and resend the check.  If those reasonable efforts are unsuccessful, the returned check will be void and the associated funds will remain the property of and/or revert to LG US.   If a Settlement Class Member reports that a check was lost, destroyed, or otherwise not available to negotiate, the Settlement Class Member may request a replacement check from the Claims Administrator.  After verifying the check was not negotiated and stopping payment on the check, the

Claims Administrator will issue a replacement check.  Any such replacement check will be less the reasonable cost incurred to stop payment on the original check.

4.14.    If this Settlement is not approved or if for any reason the Effective Date does not occur, no monetary reimbursement payments or distributions of any kind shall be made pursuant to this Settlement, except for the cost of Notice and administration incurred if Notice already has been published.

## 5.0.    OBJECTIONS AND REQUESTS FOR EXCLUSION BY SETTLEMENT CLASS MEMBERS

5.1.    Any Settlement Class Member who intends to object to the fairness, reasonableness, and adequacy of the Settlement ("Objection") must send a written Objection to the Court and mail a copy to Class Counsel, the Claims Administrator, and Defense Counsel by first-class mail with postage paid. Objections must be postmarked no later than eighty (80) days after the date of entry of the Preliminary Approval Order.  In his/her/its Objection, the objecting Settlement Class Member must:  (a) indicate the name of this case and the case number (*Clark v. LG Electronics, U.S.A., Inc., et al.*, Case No. 3:13-cv-0485-JM-JMA); (b) set forth his/her/its full name, current address and telephone number; (c) identify the approximate date of acquisition and serial number of his/her/its Refrigerator; (d) state that the objector has reviewed the Settlement Class definition and understands that he/she/it is a Settlement Class Member, and has not opted out of the Settlement Class; (e) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert, including a description of any Refrigerator Issues experienced; (f) provide copies of any documents that the objector wishes to submit relating to his/her/its position; (g) set forth the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) sign the Objection or have the Objection signed on his/her/its behalf by their counsel.  Objections must be sent to the Court, the Claims Administrator, Defense Counsel, and Class Counsel at the addresses listed below:

Upon the Court at:

> 221 W. Broadway, Suite 5190
> San Diego, CA 92101

Upon the Claims Administrator at:

> Strategic Claims Services
> [ADDRESS]

Upon Defense Counsel at:

> Tai H. Park
> Park Jensen Bennett LLP

630 Third Avenue
7th Floor
New York, NY 10017

And upon Class Counsel at:

Kathleen M. Hartman
Callahan, Thompson, Sherman  & Caudill, LLP
2601 Main Street, Suite 800
Irvine, California 92614

Settlement Class Members who fail to file and serve timely written Objections in the manner specified above shall be deemed to have waived any Objections and shall be foreclosed from making any Objection (whether by appeal or otherwise) to the Settlement.

5.2.     In addition to the requirements set forth in Paragraph 5.1, if objecting Settlement Class Members wish to appear at the Fairness Hearing, they must state in writing whether they intend to appear at the Fairness Hearing either with or without separate counsel.  Written Notice of the Settlement Class Member's intention to appear at the Fairness Hearing and any written objections or briefs must be filed with the Court and served on the Settlement Administrator and counsel for the Parties at the addresses set forth in Paragraph 5.1 no later than eighty (80) days after the entry of the Preliminary Approval Order.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an objection and notice to appear have been timely submitted.  Settlement Class Members who fail to file and serve a timely request for appearance in the manner specified above shall be deemed to have waived their right to appear and comment at the Fairness Hearing.

5.3.     Settlement Class Members may elect to exclude themselves from this Settlement, relinquishing their rights to benefits under this Settlement.  Settlement Class Members who exclude themselves from the Settlement will not release their claims under Paragraph 2.7.  A Settlement Class Member wishing to exclude himself/herself/itself from the Settlement Class must send a letter in writing to the Claims Administrator that must include (a) the name of the case and the case number (*Clark v. LG Electronics, U.S.A., Inc., et al.*, Case No. 3:13-cv-0485-JM-JMA); (b) his/her/its name, current address, telephone number, and signature; and (c) a clear statement communicating that he/she/it elects to be excluded from the Settlement Class.  Any request for exclusion must be postmarked on or before eighty (80) days after entry of the Preliminary Approval Order.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, or on such other date set by the

Court, shall be bound by all terms of the Settlement and the Final Approval Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

5.4.    Any Settlement Class Member who submits a timely request for exclusion shall not:  (1) be entitled to relief under this Agreement; (2) be bound by the Final Approval Order; (3) gain any rights by virtue of this Agreement; or (4) be entitled to file an Objection to the Settlement.  Any Settlement Class Member who submits a timely request for exclusion shall be deemed to have waived any rights or benefits under this Agreement.

5.5.    Not later than seven (7) days after the deadline for submission of requests for exclusion, the Claims Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list, together with copies of the exclusion requests.

5.6.    Following expiration of the deadline for Objections and/or requests for exclusion from the Settlement, as approved by the Court and set forth in the Notice, or other such date set by the Court, the Fairness Hearing shall be conducted to determine final approval of the Settlement, along with the amount properly payable for Attorneys' Fees, Costs and All Other Expenses.  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Court with a Final Approval Order and Judgment in a form agreed upon by the Parties.

**6.0.    PRELIMINARY APPROVAL OF THE SETTLEMENT**

6.1.    Promptly after execution of this Agreement, Class Counsel will submit the Agreement, together with its exhibits, to the Court and will request that the Court issue an Order in the form attached hereto as Exhibit D.  Such Order shall preliminarily approve the Settlement, stay all other cases addressing the same subject matter as this Litigation and order that Notice be mailed to Settlement Class Members for whom U.S. mailing addresses or email addresses exist and published in the form attached hereto as Exhibits B and C.  The Notice shall disclose the existence and nature of the action and the proposed Settlement, shall inform Settlement Class Members of the procedures and deadlines for filing Objections, expressions of intent to appear at the Fairness Hearing and/or requests for exclusion as set forth therein, the effect of the Settlement, and shall schedule a hearing on whether the Settlement should be granted final approval and whether the fee application should be granted.

**7.0.    ATTORNEYS' FEES, COSTS AND ALL OTHER EXPENSES**

7.1.    Class Counsel will include a request for attorneys' fees and costs in their motion for final approval of the settlement, not to exceed $359,444 in attorneys' fees and $8,206.40 in costs.  Counsel for LG US has reviewed time records provided by Class Counsel and has agreed not to contest their fee application, provided that the total amounts requested do not exceed the agreed upon cap of $359,444 in

attorneys' fees and $8,206.40 in costs.

7.2.     Class Counsel will request that the Court award a one-time payment to the Class Representative, Jeannette S. Clark, in an amount not to exceed $5,000.00 to compensate her for her service as Class Representative in this Litigation.  Defendant agrees that it will not oppose the request and that it will pay such amounts as are approved by the Court separate, apart from, and in addition to the amount of Attorneys' Fees to be awarded in connection with Paragraph 7.1 above.  The Parties negotiated and agreed to these amounts only after reaching agreement upon all other material terms of this Settlement.

7.3.     Any Attorneys' Fees, Costs, and All Other Expenses awarded by the Court to Class Counsel and any payments to the Class Representatives shall be paid by Defendant to Class Counsel within sixty (60) days of the Effective Date.

**8.0.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

8.1.     If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of the date of the Agreement.  In such event, the terms and provisions of this Agreement will have no further force and effect and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*.

**9.0.    BEST EFFORTS**

9.1.     The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including, without limitation, in seeking preliminary and final Court approval of the Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement and to carry out the terms of the Settlement.

**10.0.   MISCELLANEOUS PROVISIONS**

10.1.    The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

10.2.    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Persons; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Any Released Person may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.3.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

10.4.    Any and all exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

10.5.    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.6.    This Agreement and any exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Parties will bear their own respective attorneys' fees, costs and expenses.

10.7.    Each counsel or other Person executing this Agreement or any of its exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

10.8.    This Agreement may be executed in one or more counterparts.  All executed counterparts, and each of them, will be deemed to be one and the same instrument.  A complete set of original counterparts will be filed with the Court.

10.9.    This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

10.10.    LG US shall have the right to withdraw from the Settlement at any time before it becomes final if:  (a) any court issues an injunction against LG US or its attorneys from proceeding with this Settlement; or (b) Settlement Class Members owning more than 1 % of the total number of Refrigerators opt out.  Further, if the Court does not grant a preliminary approval to this Settlement

Agreement, or if the Court does not grant final approval of all of the material terms and conditions contained in this Settlement Agreement, then this Settlement Agreement shall be null and void, and none of the stipulations or agreements herein shall be admissible for any purpose.

10.11.  The Court shall retain continuing and exclusive jurisdiction over the Parties and all Settlement Class Members, and over the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the interpretation, enforcement or implementation of this Agreement must be resolved by motion to the Court.

10.12.  No Settlement Class Member or other Person shall have any claim against the Class Representative, Class Counsel, the Released Persons, the Settlement Administrator, or any agent designated by Counsel for the Settlement Class based on any eligibility determinations, distributions or payments made in accordance with the Settlement, or based on the payments made or other relief provided and made substantially in accordance with this Agreement or with further Orders of the Court or any appellate court.

10.13.  The Parties hereby agree and stipulate to stay all proceedings in this Litigation and any other cases involving the same subject matter until the approval of this Agreement has been finally determined, *except* the stay of proceedings shall not prevent the filing of any motions, declarations and other matters necessary to the approval of this Agreement.

10.14.  None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

10.15.  If the date for performance of any act required by or under this Settlement Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday, or Court holiday, that act may be performed upon the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

10.16.  Plaintiff and Class Counsel will not disparage LG US or Sears or describe this Settlement as a recall.  The Parties and their counsel agree that neither the Parties nor their counsel will issue any press release or initiate communications with the press or other media concerning the subject matter of the Action or the Settlement.  Nothing herein shall prevent Class Counsel from observing their duty of full candor to the Court, or advising their clients and Class Members regarding their rights and options under the Settlement Agreement.  All Parties understand and agree that this Settlement Agreement constitutes a compromise, resolution, and settlement of the disputed claims to avoid the uncertainty,

time, trouble, and expense of litigation. All Parties understand and agree that this Settlement Agreement does not constitute and shall not be taken or construed as an admission of liability on the part of LG US or any of the Released Parties, but rather, such liability has been and is expressly denied. It is further understood and agreed that no Party to this Settlement Agreement shall attempt to introduce this Settlement Agreement into evidence in any action, cause of action, or proceeding against the Released Parties, except in an action to enforce the terms of this Settlement Agreement. The Class Members do not concede any infirmity or weakness in their claims. LG US does not concede any infirmity or weakness in its defenses or its products.

10.17. This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys, dated as of October 28 2014.

By: /s/ _Jeannette S. Clark_
JEANNETTE S. CLARK

CALLAHAN, THOMPSON, SHERMAN
& CAUDILL, LLP

By: /s/ _____
    Robert W. Thompson
    Kathleen M. Hartman
    Callahan, Thompson, Sherman, &
    Caudill, LLP
    2601 Main Street, Suite 800
    Irvine, CA 92614
    Telephone: (949) 261-2872
    Facsimile: (949) 261-6060
    Email: rthompson@ctsclaw.com
    khartman@ctsclaw.com

    Attorneys for Plaintiff Jeannette S.
    Clark

By: /s/ _____
LG ELECTRONICS U.S.A., INC.

EIMER STAHL LLP

By: /s/ _____
    Pamela R. Hanebutt
    Susan M. Razzano
    Eimer Stahl LLP
    224 South Michigan Avenue
    Suite 1100
    Chicago, IL 60604
    Telephone: (312) 660-7600
    Facsimile: (312) 692-1718
    Email: phanebutt@eimerstahl.com
    srazzano@eimerstahl.com

    Tai H. Park
    Park Jensen Bennett LLP
    630 Third Avenue
    7th Floor
    New York, NY 10017
    Telephone: (646) 200-6300
    Facsimile: (646) 200-6311
    Email: tpark@parkjensen.com

time, trouble, and expense of litigation. All Parties understand and agree that this Settlement Agreement does not constitute and shall not be taken or construed as an admission of liability on the part of LG US or any of the Released Parties, but rather, such liability has been and is expressly denied. It is further understood and agreed that no Party to this Settlement Agreement shall attempt to introduce this Settlement Agreement into evidence in any action, cause of action, or proceeding against the Released Parties, except in an action to enforce the terms of this Settlement Agreement. The Class Members do not concede any infirmity or weakness in their claims. LG US does not concede any infirmity or weakness in its defenses or its products.

10.17. This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys, dated as of October 28, 2014.


By: /s/                                          By: /s/
JEANNETTE S. CLARK                               LG ELECTRONICS U.S.A., INC.

CALLAHAN, THOMPSON, SHERMAN                      EIMER STAHL LLP
& CAUDILL, LLP

By:      /s/                                     By:    /s/ Pamela R Hanebutt
         Robert W. Thompson                             Pamela R. Hanebutt
         Kathleen M. Hartman                            Susan M. Razzano
         Callahan, Thompson, Sherman, &                 Eimer Stahl LLP
         Caudill, LLP                                   224 South Michigan Avenue
         2601 Main Street, Suite 800                    Suite 1100
         Irvine, CA 92614                               Chicago, IL 60604
         Telephone: (949) 261-2872                      Telephone: (312) 660-7600
         Facsimile: (949) 261-6060                      Facsimile: (312) 692-1718
         Email: rthompson@ctsclaw.com                   Email: phanebutt@eimerstahl.com
         khartman@ctsclaw.com                           srazzano@eimerstahl.com

         Attorneys for Plaintiff Jeannette S.          Tai H. Park
         Clark                                          Park Jensen Bennett LLP
                                                        630 Third Avenue
                                                        7th Floor
                                                        New York, NY 10017
                                                        Telephone: (646) 200-6300
                                                        Facsimile: (646) 200-6311
                                                        Email: tpark@parkjensen.com

understood and agreed that no Party to this Settlement Agreement shall attempt to introduce this Settlement Agreement into evidence in any action, cause of action, or proceeding against the Released Parties, except in an action to enforce the terms of this Settlement Agreement. The Class Members do not concede any infirmity or weakness in their claims. LG US does not concede any infirmity or weakness in its defenses or its products.

10.17. This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys, dated as of October 28, 2014.


By: /s/ _____
JEANNETTE S. CLARK


CALLAHAN, THOMPSON, SHERMAN
& CAUDILL, LLP

By:      /s/ _____
         Robert W. Thompson
         Kathleen M. Hartman
         Callahan, Thompson, Sherman, &
         Caudill, LLP
         2601 Main Street, Suite 800
         Irvine, CA 92614
         Telephone: (949) 261-2872
         Facsimile: (949) 261-6060
         Email: rthompson@ctsclaw.com
         khartman@ctsclaw.com

         Attorneys for Plaintiff Jeannette S.
         Clark

By: /s/ _____
LG ELECTRONICS U.S.A., INC. Richard Wingate
VP & General Counsel

PARK JENSEN BENNETT LLP


By:      /s/ _____
         Tai H. Park
         Park Jensen Bennett LLP
         630 Third Avenue
         7th Floor
         New York, NY 10017
         Telephone: (646) 200-6300
         Facsimile: (646) 200-6311
         Email: tpark@parkjensen.com
         adieterich@parkjensen.com

         Pamela R. Hanebutt
         Susan M. Razzano
         Eimer Stahl LLP
         224 South Michigan Avenue
         Suite 1100
         Chicago, IL 60604
         Telephone: (312) 660-7600
         Facsimile: (312) 692-1718
         Email: phanebutt@eimerstahl.com
         srazzano@eimerstahl.com


         John L'Estrange
         Andrew Schouten
         Wright & L'Estrange

John L'Estrange
Andrew Schouten
Wright & L'Estrange
401 West A Street, Suite 2250
San Diego, CA 92101
Telephone:  (619) 231-4844
Facsimile:  (619) 231-6710
Email:  jlestrange@wllawsd.com
aschouten@wllawsd.com

Attorneys for Defendant
LG Electronics U.S.A., Inc.

**EXHIBIT A**
**TO SETTLEMENT AGREEMENT**

# CLAIM FORM

*Clark v. LG Electronics U.S.A., Inc.*
No:  13-cv-0485-JM-JMA

## I.    INSTRUCTIONS:

1.    If you are an eligible Class Member and wish to make a claim for Covered Repairs and/or reimbursement of out-of-pocket expenses or damages incurred in connection with spoiled food or other property damage resulting directly from a Refrigerator Issue as defined in the Settlement Agreement, you must complete this Claim Form and return it, along with the required documentation, postmarked no later than **[DATE]** to the following address:

**Strategic Claims Services, Inc.**
**[ADDRESS]**

2.    If you have more than one LG Signature Model Refrigerator or more than one Sears Kenmore Model Refrigerator that you purchased on or before January 29, 2014 for which you are making a claim pursuant to the Settlement, please complete a separate Claim Form for each Refrigerator.

3.    Please complete all of Parts II and III and answer the questions in Parts IV and V that apply to you.  Failure to provide the information requested could result in your claim being denied.  If you have questions about completing the Claim Form, please call **[CLAIMS ADMINISTRATOR PHONE NUMBER]** or contact Class Counsel at LGclass@ctsclaw.com.

4.    You must sign Part VI, the Sworn Declaration, under penalty of perjury, that you have provided true and correct information.  The Claims Administrator will not process claims for reimbursement that have not been signed under penalty of perjury.

5.    You are responsible for making sure that the Claims Administrator receives your Claim Form.  If you want to make sure your Claim Form is received, you should send it by certified mail with a return receipt requested or by other similar means.  You should keep a copy of the Claim Form and any other papers you send in with the Claim Form.  Your documents cannot be returned to you.

6.    It is important that you print or type your information clearly.

7.    Only one Claim Form will be accepted for each Refrigerator.  If multiple Claim Forms are received for the same Refrigerator you may have to show proof of ownership in order to receive any benefit from this Settlement.

8.    All Claim Forms for out-of-pocket expenses relating to spoiled food and other property damage resulting from Refrigerator Issues as defined in the Settlement Agreement are subject to the verification procedures described in Section 4 of the Settlement Agreement.  To verify that you placed a call to LG US (or Sears, in the case of Kenmore Model Refrigerators) reporting Refrigerator Issues, or received service from LG US (or Sears, in the case of Kenmore Model Refrigerators) for Refrigerator Issues, LG US will compare the information you report on this Claim Form with its own call and service center records or with Sears's call and service records.  You may also provide records of a call to or service from a third-party service repair provider addressing Refrigerator Issues.  In the event the records provided by the Class Member or available to LG US through its own records or through Sears's records do not evidence any complaint about spoiled food or

1

Refrigerator Issues such that the Claims Administrator cannot determine from the available evidence of a call that the damages claimed by the Class Member were caused by Refrigerator Issues, the Claims Administrator will conduct a follow-up interview of the Class Member.  This follow-up interview will be recorded.

9.     The Claims Administrator will let you know when a decision on your claim has been made.  If your claim for reimbursement is rejected for any reason, the Claims Administrator will notify you of the rejection and the reason for rejection.  If your claim is rejected, you have thirty (30) days after the date of mailing of the notice of rejection to mail to the Claims Administrator a notice contesting the rejection or to cure any defect with your Claim Form.  Claims processing takes time and the Court needs to give final approval of the Settlement.

**It may take six or more months for your claim to be processed.  Please be patient!**

**IMPORTANT:  Do not send the completed Claim Form or other documents and materials to the attorneys or the Court.  Instead, the completed Claim Form and any required supporting documents or materials must be sent to Class Action Administration, Inc. [ADDRESS] and be postmarked by [DATE].**

**PART II:     CLAIMANT IDENTIFICATION:**

This information will be used to evaluate your claim, contact you for any repairs or questions, and to send you a settlement check if you qualify.  Please be sure to print or type the information clearly.

_____

Claimant's Name (First, Middle, Last)

_____

Street Address

_____

City                                    State                                    Zip Code

_____        _____

Best Telephone Number to Reach You        Best Time to Reach You

_____

E-mail Address (if available)

_____

Refrigerator Model Number (ex. LFX33975ST (LG Signature Models) or 795.72042*** (Sears Kenmore Models)) - *may be found on the label inside the Refrigerator, see Directions for Parts II & III below for details*)

_____

Refrigerator Serial Number (ex. 208KR******* (Both LG Signature and Sears Kenmore Models) - *may be found on the label inside the Refrigerator, see Directions for Parts II & III below for details*)

_____

Manufacture Date (*may be found on the label inside the Refrigerator, see Directions for Parts II & III below for details*)

_____

Approximate date and location of purchase of your Refrigerator

**PART III:      REFRIGERATOR ISSUES**

Did you experience any of the following Refrigerator Issues (check all that apply)?:

☐   Low or no ice production
☐   Water leaking
☐   Ticking and grinding that goes away when the Refrigerator is shut off
☐   Clogged ice system
☐   Refrigerator shutting off on its own
☐   Loud motor sounds
☐   A "IF ER" code in the control panel of your Refrigerator fan (*see Directions for Parts II & III, below for an example of "IF" error*)

Additional details about the Refrigerator Issues you experienced: _____
_____
_____
_____

What date(s) did you experience any of the above: _____

Did you or someone in your household call the LG US or Sears customer service center or a third-party service company to report the Refrigerator Issues you experienced?

☐       YES

☐       NO

Who did you call?

☐       LG US customer service center

☐       Sears customer service center

☐       Third-Party (provide name, address, and phone number): _____

When did you call to report the Refrigerator Issues? _____

Who called to report the Refrigerator Issues (if different than the name shown in Part II)?

_____

What phone number did you provide to LG US (if different than the number shown in Part II)?

_____

If you called a third-party provider you must attach evidence of your call such as a telephone record, cancelled check, credit card receipt or work order.

If you called LG US or Sears and their records do not show such a call than you will be required to provide evidence of you telephone call to LG US or Sears.

**PART IV:  REQUEST FOR REPAIR**

This Part must be completed if you are seeking repair of your Refrigerator.  You can have your Refrigerator repaired and still make a claim for spoiled food or damaged property.  To have your Refrigerator repaired, you must have experienced one or more of the Refrigerator Issues listed in Part III before [END OF CLAIMS PERIOD].

1. I would like LG US (or Sears, in the case of Kenmore Model Refrigerators) to perform a repair of my Refrigerator pursuant to the Settlement Agreement (check one):

    ☐  YES

    ☐  NO

**PART V:        REQUEST FOR REIMBURSEMENT**

This Part must be completed if you are making a claim for reimbursement of out-of-pocket expenses incurred in connection with spoiled food or other property damage resulting from Refrigerator Issues.  The Refrigerator Issues must have taken place before [DATE OF PUBLICATION NOTICE].

1. Did you have to throw away any food because of a Refrigerator Issue set forth in Part III above?

    ☐  YES

    ☐  NO

    Approximately when did you discover the spoiled food?
    _____

    **If the answer to number 1 is YES:**

2. What food did you have to throw away?  Please be as detailed as possible, attach additional sheets of paper if necessary, and attach photographs if you have them.

    _____
    _____
    _____
    _____
    _____

3. In total, what was the cost of the food you had to throw away?

    _____

4. Do you have any receipts or invoices for the food you had to throw away?  If you have receipts for food that you had to throw away, please attach them.

5

    ☐     YES, I have receipts and they are attached.

    ☐     NO, I do not have any receipts

5.   Other than food, are you claiming damage to any property because of Refrigerator Issues?

    ☐   YES, I am claiming other property damage.

    ☐   NO, I am not claiming other property damage.

**If you answered NO to number 5, skip numbers 6-9 and go to Part VI.**

6.   If the answer to number 5 is YES, describe the damage to your property.  Include your understanding of how the property was damaged and when the damage occurred.  Please be as detailed as possible, attach additional sheets of paper if necessary, and attach photographs if you have them.

_____

_____

_____

_____

_____

7.   Was the property listed in number 6 repaired?

    ☐   YES, the damaged property was repaired.  Go to question 8.

    ☐   NO, the damaged property was not repaired.  Go to question 9.

8.   If the damaged property was repaired, state the cost of the repair and attach proof of the cost of the repair.  You will not receive reimbursement without attaching proof, such as a receipt or invoice, of the cost of the repair.  If the damage to the property was not repaired, go to question 9.

    Cost of Repair:_____

9.   If you did not have the damage repaired, you must provide proof of an estimate for the cost of any repairs.  You will not receive reimbursement without attaching proof of the estimated cost of the repair.

    Estimated Cost of Repair:_____

**PART VI.  SWORN DECLARATION**


I, _____, (Print Name – The name must match the name listed in Part II) swear under penalty of perjury under the laws of the United States of America that the information I provided in this Claim Form is true and correct to the best of my knowledge.  I understand that perjury can be punishable by a fine and/or imprisonment.  I further swear that I have not previously received reimbursement from LG US for any of the above amounts.


**Date:** _____     **Signature:**_____


**Print Name:**_____


**PLEASE REMEMBER TO ATTACH ANY SUPPORTING DOCUMENTATION THAT YOU MAY HAVE**

ACCURATE CLAIMS PROCESSING CAN TAKE TIME.

THANK YOU FOR YOUR PATIENCE.

**Directions For Parts II & III:**

1.  The label containing the model number, serial number, and date of manufacture is located on the right wall inside the refrigerator when you open the right door:



2.  The "ER IF" error message in the control panel will appear as:



**EXHIBIT B**
**TO SETTLEMENT AGREEMENT**

LEGAL NOTICE

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Clark v. LG Electronics U.S.A., Inc.*
Case No.:  3:13-cv-0485-JM-JMA

A Settlement has been reached in a class action lawsuit that claims certain LG Signature Model Refrigerators contain a defect with the ice fan that causes certain issues including the appearance of an IF error code in the control panel.  LG denies it did anything wrong.  The Court has not decided who is right.

**Who is Included?**

You are included if you have purchased, not for resale, one of the following LG Signature Model Refrigerators or Sears Kenmore Model Refrigerators sold in the United States by LG US through its authorized retailers or Sears (in the case of Kenmore Models) ("Refrigerators") on or before January 29, 2014:

### LG Signature Model Refrigerators

| Model Number | Manufacture Dates | Serial Number Range |
|---|---|---|
| LFX33975ST | August 2012 – March 2013 | 208KR******* to 303KR******* |
| LFX31915ST | August 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31925SB | April 2011 – January 2013 | 103KR******* to 301KR******* |
| LFX31925ST | March 2011 – January 2013 | 103KR******* to 301KR******* |
| LFX31925SW | April 2011 – January 2013 | 103KR******* to 301KR******* |
| LMX31985ST | May 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31935ST | Jan. 2012 – May 2013 | 103KR******* to 305KR******* |
| LFX31945ST | April 2012 – March 2013 | 103KR******* to 303KR******* |
| LFX25991ST | August 2011 – March 2013 | 103KR******* to 303KR******* |
| LSFD2591ST | March 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31995ST | August 2012 – March 2013 | 103KR******* to 303KR******* |

### Sears Kenmore Model Refrigerators

| Model Number | Manufacturing Dates | Serial Number Range |
|---|---|---|
| 72052 | May 2011 – January 2013 | 103KR******** to 301KR******* |
| 72053 | April 2011 – January 2013 | 103KR******** to 301KR******* |
| 72059 | May 2011 – January 2013 | 103KR******** to 301KR******* |
| 72403 | July 2011 – March 2013 | 103KR******** to 303KR******* |
| 72049 | Sept. 2011 – March 2013 | 103KR******** to 303KR******* |
| 72042 | Sept. 2011 – March 2013 | 103KR******** to 303KR******* |
| 72063 | Oct. 201 – March 2013 | 103KR******** to 303KR******* |
| 72062 | March 2012 – March 2013 | 103KR******** to 303KR******* |
| 72182 | May 2012 – April 2013 | 103KR******** to 304KR******* |
| 72183 | May 2012 – April 2013 | 103KR******** to 304KR******* |
| 72189 | May 2012 – April 2013 | 103KR******** to 304KR******* |

### What Can You Get?

LG US has agreed to provide the opportunity for Settlement Class Members to have their Refrigerators repaired if they experienced problems associated with the ice fan.  LG US has also agreed to reimburse out-of-pocket costs, not to exceed $5,000.00, relating to spoiled food or other property damage that resulted from Refrigerator Issues associated with the ice fan, subject to certain confirmation procedures.  Pursuant to the Settlement, in the event a Settlement Class Member's Refrigerator cannot be successfully repaired, the Settlement Class Member will be entitled, upon verification, to a $1,500.00 discount on a future LG or Sears refrigerator purchase or to continued repairs.  The Settlement also provides an extended limited warranty for problems associated with the ice fan for one (1) additional year after expiration of the Refrigerator's original one (1) year warranty.

**How do you Get Repair, Reimbursement, or Benefits Under the Warranty Extension?**

To receive a repair or reimbursement, you must submit a Claim Form and any required documentation.  You can submit a Claim Form by mail.  The deadline to submit a Claim Form is [DATE].  To receive benefits under the extended limited warranty, you must contact [INSERT DEDICATED LG CUSTOMER CARE NUMBER] or [SEARS DEDICATED CUSTOMER CARE NUMBER] (in the case of Kenmore Model Refrigerators).

**Your Other Rights.**

If you are eligible for the Warranty Extension, you will automatically receive that benefit.  If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement.  The deadline to exclude yourself is [DATE].  If you do not exclude yourself, you will not be able to sue LG US for any claim relating to the lawsuit.  If you stay in the Settlement, you may object to it by [DATE].  The court will hold a hearing on [DATE] to consider whether to approve the Settlement and a request for attorneys' fees.  You can appear at the hearing, but you do not have to.  You can hire your own attorney, at your own expense, to represent you at the hearing.

**This is not a product recall.**
**This is only a summary.  For a copy of the Settlement Agreement or Claim Form:**
**visit www.[WEBSITE].com or call [CLAIMS ADMIN PHONE NUMBER]**

**EXHIBIT C**
**TO SETTLEMENT AGREEMENT**

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA
*Clark v. LG Electronics U.S.A., Inc.*, Case No.:  3:13-cv-0485-JM-JMA

## Notice of Pendency and Proposed Settlement of Class Action

**A settlement has been reached in a class action about LG Signature Model Refrigerators.**

*A federal court authorized this notice.  It is not a solicitation from a lawyer.*

**YOU ARE <u>NOT</u> BEING SUED.  THIS IS NOT A LAWSUIT AGAINST YOU.**

**This is not a product recall.**

YOU MAY BE ENTITLED TO RECEIVE THE BENEFITS OF A CLASS ACTION SETTLEMENT IF YOU PURCHASED, NOT FOR RESALE, ONE OF THE FOLLOWING LG SIGNATURE MODEL OR SEARS KENMORE MODEL REFRIGERATORS SOLD IN THE UNITED STATES BY LG US THROUGH ITS AUTHORIZED RETAILERS OR SEARS (IN THE CASE OF KENMORE MODELS) ("REFRIGERATORS") ON OR BEFORE JANUARY 29, 2014:

### LG Signature Model Refrigerators

| Model Number | Manufacture Dates | Serial Number Range |
|---|---|---|
| LFX33975ST | August 2012 – March 2013 | 208KR******* to 303KR******* |
| LFX31915ST | August 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31925SB | April 2011 – January 2013 | 103KR******* to 301KR******* |
| LFX31925ST | March 2011 – January 2013 | 103KR******* to 301KR******* |
| LFX31925SW | April 2011 – January 2013 | 103KR******* to 301KR******* |
| LMX31985ST | May 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31935ST | Jan. 2012 – May 2013 | 103KR******* to 305KR******* |
| LFX31945ST | April 2012 – March 2013 | 103KR******* to 303KR******* |
| LFX25991ST | August 2011 – March 2013 | 103KR******* to 303KR******* |
| LSFD2591ST | March 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31995ST | August 2012 – March 2013 | 103KR******* to 303KR******* |

### Sears Kenmore Model Refrigerators

| Model Number | Manufacturing Dates | Serial Number Range |
|---|---|---|
| 72052 | May 2011 – January 2013 | 103KR******** to 301KR******* |
| 72053 | April 2011 – January 2013 | 103KR******** to 301KR******* |
| 72059 | May 2011 – January 2013 | 103KR******** to 301KR******* |
| 72403 | July 2011 – March 2013 | 103KR******** to 303KR******* |
| 72049 | Sept. 2011 – March 2013 | 103KR******** to 303KR******* |
| 72042 | Sept. 2011 – March 2013 | 103KR******** to 303KR******* |
| 72063 | Oct. 201 – March 2013 | 103KR******** to 303KR******* |
| 72062 | March 2012 – March 2013 | 103KR******** to 303KR******* |
| 72182 | May 2012 – April 2013 | 103KR******** to 304KR******* |

| 72183 | May 2012 – April 2013 | 103KR******** to 304KR******* |
| 72189 | May 2012 – April 2013 | 103KR******** to 304KR******* |

Your rights may be affected by the Litigation and proposed Settlement discussed in this Court-authorized Notice. This Notice is to inform you of the conditional certification of a Settlement Class, the nature of the claims at issue, your right to participate in or exclude yourself from the Class, and the effect of exercising your various options.

**Please read this Notice carefully and in its entirety.**
**Your rights may be affected by the settlement of this lawsuit.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR RECEIVED BY [DATE]** | This is the only way to receive the relief afforded by the Settlement. |
| **DO NOTHING** | If you do nothing, you will be bound by the Settlement if it is approved.  You will not receive repairs or reimbursement provided by the Settlement, but you may be entitled to the Warranty Extension benefit.  You also give up your right to sue on your own regarding any claims that are part of the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you exclude yourself from the Settlement, you will not be eligible to receive the benefits of the Settlement, but you keep your right to sue on your own regarding any claims that are part of the Settlement. |
| **OBJECT TO THE SETTLEMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the Settlement.  You may not Object if you exclude yourself from the Class. |
| **GO TO A HEARING ON [DATE]** | You may ask for permission to speak in Court about the fairness of the Settlement. |

Your legal rights and options --- **and the deadlines to exercise them** --- are explained in this Notice. Your legal rights may be affected whether you act or do not act.  The Court in charge of this case still has to decide whether to approve the Settlement.  Please read this Notice carefully.  Capitalized terms in this Notice have the same meaning as provided in the "Definitions" section of the Settlement Agreement on file with the Court and available at [SETTLEMENT WEBSITE].

## 1.  Why did the Court authorize this Notice?

This Notice is given to inform you that:  (1) a class action lawsuit is pending in the U.S. District Court for the Southern District of California before the Honorable Jeffrey T. Miller, entitled *Clark v. LG Electronics U.S.A., Inc.*, Case No.:  3:13-cv-0485-JM-JMA ("the Litigation"); (2) the Parties have proposed to settle the Litigation; (3) you may be a Settlement Class Member; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

## 2.  What is this Litigation about?

The Lawsuit claims that certain LG Signature Model Refrigerators contain a defect with the ice fan that is evidenced by at least one of the following objective indicators:  an IF error code in the control panel; low or no ice production; clogged ice systems, water leaking; the Refrigerator shutting off on its own; loud motor sounds; or ticking and grinding that goes away when the Refrigerator is shut off ("Refrigerator Issues").

LG Electronics U.S.A., Inc. ("LG US") denies all of the allegations made by Plaintiff in the Litigation and denies that it did anything wrong.  The Court has not made any ruling on the factual allegations of the lawsuit.  LG US further believes that it has, at all times, complied with applicable federal and state laws.

## 3.  How do I know if I am part of the Settlement Class?

The Court has conditionally certified a Settlement Class that includes:  Persons in the United States who have purchased, not for resale, LG Signature Model Refrigerators and Sears Kenmore Model Refrigerators with the model numbers, manufacture dates, and serial numbers identified on page 1 of this Notice, sold in the United States by LG US through its authorized retailers on or before January 29, 2014.

Even if you are or were the owner of a Refrigerator, the following persons or entities are EXCLUDED from the Settlement Class and ***not*** covered by this Settlement:

a)      Persons who purchased a Refrigerator for resale;
b)      Persons who validly and timely exclude themselves from the Settlement Class;
c)      Persons who have settled with and released LG US or Sears from individual claims substantially similar to those alleged in this Litigation or Persons who have had adjudicated claims substantially similar to those alleged in this Litigation;
d)      Any officer, director, or employee of LG US or Sears or their subsidiaries and affiliates;
e)      The Judge(s) to whom the Litigation is or will be assigned; and
f)      Class Counsel, Defense Counsel, or any employee in their respective law firms.

## 4.  What are the reasons for the Settlement?

The Court has not decided the Litigation in favor of Plaintiff or LG US.  LG US denies all allegations of wrongdoing or liability against it, and contends that its conduct was lawful.  LG US is settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of its business operations.  Plaintiff and her attorneys assert that the settlement is in the best interest of the Class because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.  The Parties reached this Agreement only after lengthy negotiations and exchanges of information.

## 5.  What does the Settlement provide?

If the proposed Settlement is ultimately approved by the Court, it will provide several forms of relief to the Settlement Class.  In return for the relief provided by LG US described below, the Settlement Class Members release their rights to pursue any claims against LG US or Sears and their related entities relating to the facts at issue in this Litigation.


**BENEFITS:**

### A.    REPAIRS:

Pursuant to this Agreement, all Settlement Class Members who experienced Refrigerator Issues prior to [END OF CLAIMS PERIOD DATE] are entitled to certain service and repairs ("Covered Repairs," as defined in the Settlement Agreement) by LG US at no cost to them.  LG US shall be responsible for ensuring Class members receive Covered Repairs.  Repairs under the Settlement Agreement shall be performed solely by LG US, Sears (in the case of Kenmore Model Refrigerators) or their authorized service providers.  The repair benefit is subject to Settlement Class Members' submission of a Claim Form requesting such service and repair as detailed in the instructions in Section 6, below, and on the Claim Form.  Claims for repair must be submitted by [END OF CLAIMS PERIOD DATE].  In the event Covered Repairs performed on a Refrigerator during the Repair Period are not successful and upon verification by LG US, Settlement Class Members will have the option of obtaining either a $1,500.00 discount on a new LG US refrigerator (if the Refrigerator is an LG Signature Model Refrigerator) or Sears Kenmore refrigerator (if the Refrigerator is a Kenmore Model Refrigerator) or receiving further service and repair.

### B.    REIMBURSEMENT FOR DAMAGES:

Pursuant to this Agreement, all Settlement Class Members who experienced Refrigerator Issues prior to [PUBLICATION NOTICE DATE] are entitled to reimbursement for out-of-pocket expenses or damages incurred in connection with spoiled food totaling $500.00 or less, subject to confirmation that either a call was made to LG US, Sears (in the case of Kenmore Model Refrigerators), or a third-party service provider reporting Refrigerator Issues or that a repair to address Refrigerator Issues was performed by LG US, Sears (in the case of Kenmore Model Refrigerators), or a third-party service provider.  The reimbursement benefit is also subject to Class Members' submission of a Claim Form, as detailed in the instructions in Section 6, below, and on the Claim Form, and to certain procedures to confirm that the claimed damages were caused by Refrigerator Issues, including a possible interview.  Claims for reimbursement must be submitted by [END OF CLAIMS PERIOD DATE].


Pursuant to this Agreement, all Settlement Class Members who experienced Refrigerator Issues prior to [PUBLICATION NOTICE DATE] are entitled to reimbursement for the reasonable and verifiable out-of-pocket expenses or damages incurred in connection with spoiled food totaling more than $500.00 or other property damage, but not to exceed $5,000.00 per Refrigerator, subject to confirmation that either a call was made to LG US, Sears (in the case of Kenmore Model Refrigerators) or a third-party service provider reporting Refrigerator Issues or that a repair to address Refrigerator Issues was performed by LG US, Sears (in the case of Kenmore Model Refrigerators) or a third-party service provider.  The reimbursement benefit is also subject to Settlement Class Members' submission of a Claim Form, along

with the required documentation, as detailed in the instructions in Section 6, below, and on the Claim Form, and to certain procedures to confirm that the claimed damages were caused by Refrigerator Issues, including a possible interview.  Claims for reimbursement must be submitted by [END OF CLAIMS PERIOD DATE].

### C.     WARRANTY EXTENSION:

LG US and Sears will provide an extended limited warranty for Refrigerator Issues for one (1) additional year after the expiration of the Refrigerator's original one (1) year warranty (or following the expiration of an extended warranty in the event one was purchased).  The Warranty Extension shall be limited to the costs of parts and labor for repairs necessitated by the actual manifestation of Refrigerator Issues.  Eligible Settlement Class Members, by virtue of the Settlement, will automatically receive this Warranty Extension.  This Warranty Extension shall not alter, amend, or limit any extended warranty purchased by a Class Member.

### RELEASES:

Class Representative and Class Member Releases:  If the Court grants final approval of the settlement, the Class Representative and Settlement Class Members, and each of them, forever release, discharge and covenant not to sue the Released Persons regarding any of the Released Claims, which shall be understood to include all such claims which they do not know of or suspect to exist in their favor at the time of this release and which, if known by them, might have affected their settlement and release of the Released Persons or might have affected their decision not to Object to this Agreement.  With respect to all Released Claims, the Settling Parties stipulate and agree that Class Representative and Settlement Class Members shall expressly waive and relinquish Released Claims to the fullest extent permitted by law, including claims covered by:  (a) Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law, or foreign or international law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  The releases set forth in this Agreement shall apply whether or not the Class Representative and Settlement Class Members Objected to the Settlement and whether or not they make a claim upon or avail themselves of the Settlement and even if Class Representative and/or Settlement Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true.  Upon the Effective Date, Class Representative and Settlement Class Members fully, finally and forever settle and release any and all of the claims, demands, judgments, actions, suits, obligations, promises, rights, and liabilities causes of action, whether individual, class, or otherwise in nature, for damages whenever incurred, and for liabilities, including for penalties, statutory damages, punitive or exemplary damages, fines, charges costs, expenses, injunctive relief, declaratory relief, attorneys' fees; of every nature and description defined as Released Claims, whether known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future; including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a material element

5

of the Agreement.

<u>LG US and Sears Releases</u>:  If the Court grants final approval of the settlement, LG US and Sears forever release, discharge and covenant not to sue the Class Representative for any of the Released Claims, which shall be understood to include all such claims which it knows, does not know of, or suspects to exist in its favor at the time of this release and which, if known by it, might have affected its settlement and release of the Class Representative.  The Settling Parties stipulate and agree that LG US and Sears shall expressly waive and relinquish Released Claims as to the Class Representative to the fullest extent permitted by law, including claims covered by:  (a) Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law, or foreign or international law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  Upon the Effective Date, Class Representative and LG US and Sears finally and forever settle and release any and all of the claims, demands, judgments, actions, suits, obligations, promises, rights, and liabilities causes of action, whether individual, class, or otherwise in nature, for damages whenever incurred, and for liabilities, including for penalties, statutory damages, punitive or exemplary damages, fines, charges costs, expenses, injunctive relief, declaratory relief, attorneys' fees; of every nature and description defined as Released Claims, whether known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future; including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a material element of the Agreement.

**PROPOSED PAYMENT TO NAMED PLAINTIFF:**

Class Counsel have requested a payment to Class Representative Jeannette S. Clark in an amount not to exceed $5,000.00 to compensate her for her service as Class Representative in the Litigation.  LG US has agreed not to oppose this request.  This payment will not reduce any benefits recoverable by members of the Settlement Class and is subject to Court approval.

The complete terms of the Settlement are in the Settlement Agreement, which you can obtain by accessing the website [SETTLEMENT WEB SITE], sending a self-addressed, stamped envelope to Strategic Claims Services, Inc. [ADDRESS] Re: *Clark v. LG Electronics U.S.A., Inc.*, or by accessing the public docket for the Court via Pacer.

## 6.  How do I obtain the benefits of the Settlement?

**Claims for Repair or Reimbursement:**

If you are a Class Member (defined in Section 3 above) and you remain a member of the Class and wish to receive repair or reimbursement under the Settlement Agreement, you must complete and submit a legible Claim Form and any documents listed as required in the Claim Form.  A Claim Form is attached

to this Notice.  You can also get a Claim Form on the Internet at [WEBSITE].  Read the instructions carefully, fill out the form, provide the required documentation as stated, sign the Claim Form, and mail it to the following address postmarked no later than **[DATE]**:

[CLAIMS ADMIN ADDRESS]

**Claims for Spoiled Food Valued at $500.00 or less:**

Claims for reimbursement of out-of-pocket expenses and damages relating to food you had to throw away as a result of Refrigerator Issues that occurred prior to [PUBLICATION NOTICE DATE] and that totaled $500.00 or less must be accompanied by a signed and completed Claim Form.  Such claims are subject to confirmation that either a call was made to LG US, Sears (in the case of Kenmore Model Refrigerators) or a third-party service provider reporting Refrigerator Issues or that a repair to address Refrigerator Issues was performed by LG US, Sears (in the case of Kenmore Model Refrigerators) or a third-party service provider.  Class Members may be required to participate in a recorded interview with the Claims Administrator to determine whether their claimed damages were caused by Refrigerator Issues.  To the extent Settlement Class Members have itemized receipts or invoices for damaged food or photographic pictures or images of damaged food or damage and/or repair to the Refrigerator, these documents should be submitted along with the Claim Form.

**Claims for Spoiled Food Valued at More than $500.00 or Other Property Damage:**

Claims for reimbursement of the out-of-pocket expenses and damages relating to food you had to throw out totaling more than $500.00 and claims asserting other property damage resulting from Refrigerator Issues that occurred prior to [PUBLICATION NOTICE DATE] must be accompanied by a signed and completed Claim Form, along with the required documentation.  Such claims are subject to confirmation that either a call was made to LG US, Sears (in the case of Kenmore Model Refrigerators) or a third-party service provider either reporting Refrigerator Issues or that a repair to address Refrigerator Issues was performed by LG US, Sears (in the case of Kenmore Model Refrigerators) or a third-party service provider.  Class Members may be required to participate in a recorded interview with the Claims Administrator to determine whether their claimed damages were caused by Refrigerator Issues.  To the extent Settlement Class Members have photographic pictures or images of damaged food, damaged property, or damage and/or repair to the Refrigerator, these documents should be submitted along with the Claim Form.  No claims for food that you had to throw out that are greater than $500.00 or for other property damage (regardless of the amount) will be paid without the required receipts, invoices and other required documentation.  All claims are subject to a $5,000.00 cap, per Refrigerator.

No claims for reimbursement shall be paid before the date that the Court finally approves the Settlement and all appeals are exhausted.  Checks sent to Class Members must be cashed within one hundred twenty (120) days of the date on the check.

**Claims for Benefits Under the Warranty Extension:**

To receive Covered Repairs pursuant to the Warranty Extension benefit for Refrigerator Issues occurring after [END OF CLAIMS PERIOD DATE], you must contact LG US by calling [LG 800 NUMBER] or Sears (in the case of Kenmore Model Refrigerators) [SEARS 800 Number] prior to the expiration of the Warranty Extension benefit.

## 7.  Do I have a lawyer in the case?

The Court has appointed the following counsel for the Class:  Robert W. Thompson and Kathleen M. Hartman, Callahan, Thompson, Sherman & Caudill, LLP, 2601 Main Street, Suite 800, Irvine, California.

## 8.   How will the lawyers for the Settlement Class be paid?

If the Court approves the Settlement, the Court will also determine what amount of attorneys' fees, costs and all other expenses related to the Litigation ("Attorneys' Fees") should be paid to Class Counsel for their representation of Plaintiff and the Settlement Class in this Litigation.  Payment of Attorneys' Fees to Class Counsel will not reduce any benefit available to you as part of the Settlement.  Subject to the Court's approval, LG US has agreed to pay Class Counsel $367,650.40 as reasonable Attorneys' Fees.  No matter what the Court decides with regard to the requested Attorneys' Fees, Class Members will never have to pay anything toward the fees or expenses of Class Counsel.

## 9.   What happens if I do nothing after receiving this Notice?

If you do nothing and the Court approves the Settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against LG US or Sears relating to the facts at issue in this Litigation.  If you are eligible for the Warranty Extension benefit, you will receive that benefit under the Settlement but will receive no other benefits.  If you are eligible for other benefits under this Settlement, then you must complete and submit a Claim Form as described above in Section 6, postmarked no later than [DATE], if you wish to apply for such benefits.

## 10.   What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, described above in Section 3, you are a Member of the Settlement Class and will be bound by the Settlement if the Court approves it, unless you exclude yourself from the Settlement Class (also known as "opting out").  Being "bound by the Settlement" means that you will not be able to bring, or participate as a claimant in, a similar lawsuit involving the Refrigerators.  Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement and will not be eligible to receive any benefits from the Settlement, but they will retain the right to sue LG US or Sears at their own cost.

You cannot exclude yourself from the Settlement Class and the proposed Settlement if you wish to Object to the Settlement and/or appear before the Court during the Fairness Hearing (*see* Sections 11 and 12), as you need to be a Settlement Class Member to Object or appear.

## 11.   How do I request exclusion?

To exclude yourself from the Settlement Class, you must send a letter in writing by mail saying that you want to be excluded from *Clark v. LG Electronics U.S.A., Inc.*  The letter must be postmarked before [DATE] and must include:  (a) the name of the case and the case number (*Clark v. LG Electronics, U.S.A., Inc., et al.*, Case No. 3:13-cv-0485-JM-JMA); (b) your name, current address, telephone number and signature; and (c) a clear statement communicating that you elect to be excluded from the Settlement Class.  Your written request to exclude yourself from the Settlement Class must be sent to Strategic Claims Services, Inc. [ADDRESS].  You cannot exclude yourself by phone or by e-mail.

You will only be excluded from the Settlement Class if your request is ***postmarked*** on or before [DATE] and includes the required information.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Settlement Class Members who fail to submit a valid and timely request for exclusion, on or before the date specified, shall be bound by all terms of the Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement Class.

If you ask to be excluded, you will not be eligible to receive any benefits under the Settlement and you cannot Object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) LG US or Sears in the future.

In determining whether you want to exclude yourself from the Settlement Class, you are advised to consult your own attorney, as there may be issues particular to your circumstances that require consideration.

## 12.  What if I do not like the Settlement?

If you are a Class Member, you can Object to the Settlement if you do not like any part of it.  You can tell the Court that you do not agree with the Settlement and give reasons why you think the Court should not approve it.  Objecting is simply telling the Court you do not like something about the Settlement. The Court will consider your views.  If you requested to be excluded from the Settlement Class, then you cannot Object to the Settlement.

To Object, you must send a letter to the Court and:  (a) indicate the name of this case and the case number (*Clark v. LG Electronics, U.S.A., Inc., et al.*, Case No. 3:13-cv-0485-JM-JMA); (b) set forth your full name, current address and telephone number; (c) identify the approximate date of acquisition and serial number of your Refrigerator; (d) state that you have reviewed the Settlement Class definition and understands that you are a Settlement Class Member and have not opted out of the Settlement Class; (e) set forth a complete statement of all legal and factual bases for any Objection that you wish to assert, including a description of any Refrigerator Issues you have experienced; (f) provide copies of any documents that you wish to submit relating to your position; (g) set forth the name and case number of all objections to class action settlements made by you in the past five (5) years; and (h) sign the Objection or have the Objection signed on your behalf by your counsel.

You must also say in the letter whether you intend to appear at the Final Approval Hearing.  The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to attend or speak.  If you chose to attend, you must say in your letter whether you will appear with or without separate counsel.  No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to Object to the Settlement, and no written Objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing and copies of any written Objections or briefs have been sent to the Court, and the lawyers for the Parties listed below.

You must send your Objection before [DATE] to the Clerk of the Court for the United States District Court, Southern District of California, 221 W. Broadway, Suite 5190, San Diego, CA 92101.  Before [DATE], you must ***also*** send your Objection to ***all three*** of the following: (1) Strategic Claims Services – [ADDRESS]; (2) Class Counsel— Kathleen M. Hartman, Callahan, Thompson, Sherman & Caudill, LLP, 2601 Main Street, Suite 800, Irvine, California, 92614; and (3) Defense Counsel— Tai H. Park, Park & Jensen LLP, 630 Third Avenue, 7th Floor, New York, NY 10017.  The date of the postmark on

the return mailing envelope shall be the exclusive means used to determine whether an objection and/or notice to appear have been timely submitted.

If your Objection does not meet all of the requirements set forth in this section, it may be deemed invalid and may be overruled on that ground.

## 13.   When and where will the Court determine whether to approve the Settlement?

The Court entered an order preliminarily approving the Settlement Agreement on [DATE].

The Court will hold a Final Approval Hearing at [TIME] on [DATE], at the United States District Court, Southern District of California, 221 W. Broadway, Suite 5190, San Diego, CA 92101.  This hearing may be continued or rescheduled by the Court without further notice.

At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and will consider Class Counsel's request for Attorneys' Fees.  The Court will also consider any Objections and may grant permission for Objectors to speak.  The Court may decide these issues at the Final Approval Hearing or take them under consideration and issue a ruling later.  We do not know how long these decisions will take the Court.

## 14.   Do I have to come to the Final Approval Hearing?

No.  You are not required to attend the hearing but you are welcome to come at your own expense.

Any Settlement Class Members who Object to the Proposed Settlement do not need to attend the Final Approval Hearing for their Objections to be considered.

If you wish to appear **_and_** be heard, either personally or through your own attorney, at the Final Approval Hearing, you must send a Notice of Intention to Appear, to the Clerk of the Court at the address set forth in Section 12 above, and serve copies on the Claims Administrator, Class Counsel, and counsel for LG US at the addresses set forth in Section 12 above, by no later than [DATE].

Your Notice of Intention to Appear must include copies of any papers, exhibits or other evidence that you or your counsel will present at the hearing.  Any Settlement Class Member who does not file and serve a Notice of Intention to Appear in accordance with these instructions will be barred from speaking at any hearing concerning this proposed Settlement.

## 15.   What if the proposed Settlement is not approved?

If the proposed Settlement is not granted final approval, then the proposed Settlement will not become effective and will be voided, the Litigation will proceed without further notice, and none of the agreements set forth in this Notice will be valid or enforceable.

## 16.   How do I get more information about the Settlement?

This Notice only summarizes the proposed Settlement.  The official terms of the proposed Settlement are in the Settlement Agreement which is available to you either by sending a self-addressed, stamped

envelope to Strategic Claims Services [ADDRESS], by accessing the website [WEBSITE], or by accessing the public docket for the Court via Pacer.

If you have any questions regarding submission of the Claim Form, email Class Counsel at LGclass@ctsclaw.com.  Do not contact LG US, its counsel, or the Court regarding this Settlement.

**EXHIBIT D**
**TO SETTLEMENT AGREEMENT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEANNETTE CLARK, individually and on behalf of those similarly situated, | ) ) ) | Case No.:  3:13-cv-0485-JM-JMA |
| | ) | Judge:  Jeffrey T. Miller |
| | ) | Mag. Judge:  Jan M. Adler |
| Plaintiff, | ) | Complaint Filed:  12/10/2012 |
| | ) | |
| vs. | ) | |
| | ) | |
| LG ELECTRONICS U.S.A., INC. and DOES 1-25, inclusive | ) ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER: (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND (2) CONDITIONALLY <u>CERTIFYING PROPOSED SETTLEMENT CLASS</u>**

WHEREAS, a class action is pending in this Court entitled *Clark v. LG Electronics, U.S.A., Inc.*, Civil Action No. 3:13-cv-0485-JM-JMA (the "Action");

WHEREAS, the parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class and a hearing, to settle this Action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court (the "Settlement");

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Parties seek entry of an order preliminarily approving the Settlement of this action pursuant to the Settlement Agreement fully executed on [DATE], which, together with its attached Exhibits, sets forth the terms and conditions for a

proposed Settlement of the Litigation and dismissal of the Litigation with prejudice;

WHEREAS, this Court has reviewed the Settlement, as well as the files, records, and proceedings to date in this matter;

WHEREAS, this Order incorporates by reference the definitions in the Settlement and, for the purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Settlement, unless otherwise defined;

WHEREAS, this Court is familiar with the legal and factual issues in this matter;

NOW, THEREFORE, based on its review of the Settlement and familiarity with all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that:  (1) the proposed Class satisfies the requirements of Rule 23(a) and Rule 23(b)(3); (2) the Settlement appears fair, reasonable, and adequate, and within the range of reasonableness for preliminary approval such that a presumption of fairness is appropriate; (3) the Class should receive notice of the Settlement and be provided the opportunity to opt out of or object to it; and (4) whether the Settlement is fair, reasonable, and adequate and should be approved and confirmed through final judgment, and whether Class Counsel's request for payment of Attorneys' Fees, Costs and All Other Expenses ("Fee Application")

and the incentive award for the Class Representative should be granted, should be

considered at a hearing ("Fairness Hearing").

NOW, THEREFORE, IT IS ORDERED THAT:

1.     This Court finds that it has jurisdiction over this action and each of the

parties under 28 U.S.C. § 1332 and that venue is proper in this district.

2.     <u>Certification of Settlement Class</u>.

For the purposes of settlement only, Plaintiff has proposed conditional

certification of the following Settlement Class under Federal Rule of Civil

Procedure 23:

Persons in the United States who have purchased, not for resale, an LG

Signature Model Refrigerator or Sears Kenmore Model Refrigerator with the

model numbers, manufacture dates, and serial numbers identified in Exhibit E to

the Agreement, sold in the United States by LG US through its authorized retailers

or by Sears, respectively, on or before January 29, 2014.  Excluded from the

Settlement Class are:  (a) persons who purchased a Refrigerator for resale; (b)

persons who validly and timely excluded themselves from the Settlement Class; (c)

persons who have settled with and released Defendant or Sears from individual

claims that are substantially similar to those alleged in this Litigation or persons

who have had adjudicated claims substantially similar to those alleged in this

Litigation; (d) any officer, director, or employee of Defendant or Sears or their

subsidiaries and affiliates;  (e) the Judge(s)  to whom the Litigation is or will be assigned; and (f) Class Counsel, Defense Counsel, or any employee in their respective law firms.

Regarding the Settlement Class, the Court preliminarily finds, solely for purposes of the Settlement, that:  (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

The Court hereby finds and concludes that the proposed nationwide Class is preliminarily certified as a Class Action for settlement purposes only pursuant to Rule 23(a) and Rule 23(b)(3).  LG US retains all rights to assert that this Action may not be certified as a Class except for settlement purposes.

Accordingly, and for the reasons set forth above, the Court hereby certifies the Rule 23 Class under Rule 23(a) and Rule 23(b)(3), for the purposes of settlement only.

3.     <u>Appointment of Class Representative and Class Counsel</u>.

The Court finds that Plaintiff Jeannette S. Clark has claims typical of absent class members belonging to the Class and is an adequate representative of those Class Members.  The Court appoints Plaintiff Jeannette S. Clark to serve as Class representative for settlement purposes only.

The Court finds that Callahan, Thompson, Sherman & Caudill, LLP and Robert W. Thompson and Kathleen Hartman have extensive class action experience.  The Court appoints these attorneys and this firm as Class Counsel for settlement purposes only.

4.     <u>Preliminary Approval of Settlement</u>.

The Court preliminarily approves the Settlement, including all Exhibits thereto, as fair, reasonable, and adequate, and within the range of reasonableness, such that a presumption of fairness is appropriate for the purposes of preliminary settlement approval.   The Court finds that:  (a) the Settlement resulted from extensive arm's-length negotiations; (b) sufficient discovery occurred prior to the Settlement to inform all parties and the Court of the relative strengths and weaknesses of their positions; (c) Class Counsel are experienced in litigation and settlement of similar litigation; and (d) the Settlement is in all other respects

sufficient to warrant notice of the Settlement to the Class and a Fairness Hearing, on the approval of the Settlement.

5.   Fairness Hearing.

A Fairness Hearing shall be held before the Honorable Judge Jeffrey T. Miller on _____, 2014, at _____ [*the Parties request that the Court set the Fairness Hearing for 145 days after the date of this Order*] to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for Attorneys' Fees and for incentive awards to Class Representatives should be approved.  Papers in support of the final approval of the Settlement, the proposed incentive award to the Class Representative, and Class Counsel's Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 13 below.  The Final Approval Hearing shall be held at the United States District Court for the District of San Diego, Court Room 5D, 221 W. Broadway, San Diego, CA 92101.  The Court may postpone, adjourn, or continue by Order the Fairness Hearing without further notice to Settlement Class Members.  After the Fairness Hearing, the Court may enter a Final Approval Order and final judgment in accordance with the Settlement that will adjudicate the rights of the Settlement Class members with respect to the Released Claims being settled.

6.     Appointment of Claims Administrator.

The Court appoints Strategic Claims Services, Inc., 225 State Road, Media,

Pennsylvania, 19063 as the claims administrator for the Settlement.

7.     Class Notice.

The Court approves the form and content of the Class Notices (Exhibits B

and C to the Settlement Agreement) and Claim Form (Exhibit A to the Settlement

Agreement).  The Court authorizes the Parties to make non-material modifications

to the Class Notices and Claim Form prior to publication if they jointly agree that

any such changes are necessary under the circumstances.  Notice shall be

disseminated as follows:

a.     Mail Notice.  Not later than thirty (30) days after the entry of

the present Order, the Claims Administrator shall cause the Long Form Notice

(Exhibit C) and Claim Form (Exhibit A) to be sent by first-class mail to potential

Class Members pursuant to Paragraph 3.2 of the Settlement Agreement.

b.     Email Notice.  Not later than thirty (30) days after the entry of

the present Order, the Claims Administrator shall cause the Long Form Notice

(Exhibit C) and Claim Form (Exhibit A) to be sent by email to potential Class

Members pursuant to Paragraph 3.3 of the Settlement Agreement.

       c.    <u>Settlement Website</u>.  Not later than thirty (30) days after the entry of the present Order, the Claims Administrator shall create a dedicated Settlement website with information about the Settlement pursuant to Paragraph 3.4 of the Settlement Agreement.

       d.    <u>Publication Notice</u>.  Not later than thirty-seven (37) days after the entry of the present Order, the Claims Administrator shall cause the Summary Notice (Exhibit B) to be published in the form and manner set forth in Paragraph 3.5 of the Settlement Agreement.

       e.    <u>Claims Administrator Declaration</u>.  No later than thirty (30) days before the Fairness Hearing, the Claims Administrator shall file with the Court a declaration setting forth the details of the notice provided pursuant to this Order.

    8.    <u>Findings Concerning Class Notice</u>.

The Court finds that the foregoing program of Class Notice and manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object or exclude themselves from the Settlement Class. The Settlement Notices provided to Class Members will be posted on the Internet, published in a nationally recognized news publication, and, to the extent practicable, sent directly to the Settlement Class.  Accordingly, this Court finds

that the Class Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

      9.    <u>Approval of Claims Process</u>.

The claims submission process described in the Settlement Agreement is approved.

      10.    <u>Exclusion From the Settlement Class</u>.

If Settlement Class Members do not wish to participate in the Settlement, Settlement Class Members may exclude themselves pursuant to the procedures set forth in the Long Form Notice and the Settlement Agreement.  All Settlement Class Members who do not opt out in accordance with the terms set forth in the Long Form Notice and Settlement Agreement will be bound by all determinations and judgments in the Action if Final Approval is granted.  All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked no later than eighty (80) days after the entry of this Preliminary Approval Order.

If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written Request for Exclusion shall include: (a) the name of the case; (b) the Settlement Class Member's name, current address, telephone number and signature; and (c) a clear statement communicating that the

Settlement Class Member elects to be excluded from the Settlement Class.  No Request for Exclusion will be valid unless all of the information described above is included.  All Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against LG US or Sears.

No later than seven (7) days after the deadline for submission of requests for exclusion, the Claims Administrator shall file with the Court the names of all Class Members who have submitted a timely request to opt out of the Class.

11.   Objections and Appearances.

Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Fairness Hearing to Object to the fairness, reasonableness or adequacy of the proposed Settlement, including the proposed award of Attorneys' Fees, Costs, and All Other Expenses.  However, in order to be heard at the Fairness Hearing, the Settlement Class Member must make any Objection in writing and file it, along with a Notice of Intent to Appear, no later than eighty (80) days after the entry of this Preliminary Approval Order.

To state a valid Objection to the Settlement, an objecting Settlement Class Member must provide the following information in his, her or its written Objection: (a) his/her/its full name, current address and telephone number; (b) the approximate date of acquisition and serial number of his/her/its Refrigerator; (c) state that the objector has reviewed the Settlement Class definition and understands that he/she/it is a Settlement Class Member, and has not opted out of the Settlement Class; (d) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) provide copies of any documents that the objector wishes to submit relating to his/her/its position, including a description of any Refrigerator Issues experienced; (f) set forth the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (g) sign the Objection or have the Objection signed on his/her/its behalf by their counsel.

To be valid, an Objection must include a detailed statement of each Objection asserted, including the grounds for Objection.  Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or Object to any request for attorneys' fees, incentive awards, and/or reimbursement of reasonable litigation costs and expenses.  The objecting Settlement Class

Member must file with the Clerk of the Court and serve upon Strategic Claims Services, Inc. and all counsel (designated below) a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") no later than eighty (80) days after entry of this Preliminary Approval Order.  The notice of intention to appear must include copies of any papers, exhibits or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.

The Objection must also be mailed to each of the following, postmarked by the last day to file the Objection:  (1) Strategic Claims Services, Inc. [ADDRESS]; (2) Class Counsel - Kathleen M. Hartman, Callahan, Thompson, Sherman & Caudill, LLP, 2601 Main Street, Suite 800, Irvine, California 92614; and (3) Defense Counsel - Tai H. Park, Esq., Park Jensen Bennett LLP, 630 Third Avenue, 7th Floor, New York, NY 10017.  Any Settlement Class Member who does not make his or her Objections in the manner provided herein shall be deemed to have waived such Objections and shall forever be foreclosed from making any Objections to the fairness, reasonableness or adequacy of the proposed Settlement and the judgment approving the Settlement.

Settlement Class Members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do

not enter an appearance, they will be represented at the Final Approval Hearing by Class Counsel.

       13.    <u>Further Papers in Support of Settlement and Fee Application</u>.

The parties shall file their opening papers in support of final approval of the Settlement [NUMBER] days prior to the hearing on the Motion for Final Approval. Class Counsel shall file their Fee Application no later than [NUMBER] days prior to the hearing on the Motion for Final Approval.  Any papers or other responses the parties wish to file in response to Class Member Objections shall be filed with the Court no less than seven (7) days prior to the Fairness Hearing.

       14.    <u>Effect of Failure to Approve the Settlement</u>.

In the event the Settlement is not approved by the Court, or for any reasons the parties fail to obtain a final judgment as contemplated by the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

       a.    All Orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding.

b.      Nothing contained in this Order is, or may be construed as, any admission or concession by or against LG US, Sears or Plaintiff on any point of fact or law; and

c.      This Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, Sears or the Settlement Class members, including the Defendant's right to assert any and all defenses to class certification, including without limitation the propriety of the class and/or substantive allegations asserted by the putative class, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be used in any matter for any purpose, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

A modification or reversal on appeal of the resolution of any dispute relating to the claim of anyone claiming to be a Settlement Class Member shall not be deemed a material modification of this Agreement.

15.   Stay/Bar of Other Proceedings.

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are

enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in ay court, arbitration forum or tribunal asserting any of the Released Claims.

16.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.


IT IS SO ORDERED


DATED:  _____, 2014



                                        _____
                                        Honorable Jeffrey T. Miller

15

**EXHIBIT E**
**TO SETTLEMENT AGREEMENT**

# Covered Models

## LG Electronics Models

| Model Number | Manufacturing Dates | Serial Number Range |
|---|---|---|
| LFX33975ST | August 2012 – March 2013 | 208KR******* to 303KR******* |
| LFX31915ST | August 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31925SB | April 2011 – January 2013 | 103KR******* to 301KR******* |
| LFX31925ST | March 2011 – January 2013 | 103KR******* to 301KR******* |
| LFX31925SW | April 2011 – January 2013 | 103KR******* to 301KR******* |
| LMX31985ST | May 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31935ST | Jan. 2012 – May 2013 | 103KR******* to 305KR******* |
| LFX31945ST | April 2012 – March 2013 | 103KR******* to 303KR******* |
| LFX25991ST | August 2011 – March 2013 | 103KR******* to 303KR******* |
| LSFD2591ST | March 2012 – April 2013 | 103KR******* to 304KR******* |
| LFX31995ST | August 2012 – March 2013 | 103KR******* to 303KR******* |

## Sears Kenmore Models

| Model Number | Manufacturing Dates | Serial Number Range |
|---|---|---|
| 72052 | May 2011 – January 2013 | 103KR******** to 301KR******* |
| 72053 | April 2011 – January 2013 | 103KR******** to 301KR******* |
| 72059 | May 2011 – January 2013 | 103KR******** to 301KR******* |
| 72403 | July 2011 – March 2013 | 103KR******** to 303KR******* |
| 72049 | Sept. 2011 – March 2013 | 103KR******** to 303KR******* |
| 72042 | Sept. 2011 – March 2013 | 103KR******** to 303KR******* |
| 72063 | Oct. 201 – March 2013 | 103KR******** to 303KR******* |
| 72062 | March 2012 – March 2013 | 103KR******** to 303KR******* |
| 72182 | May 2012 – April 2013 | 103KR******** to 304KR******* |
| 72183 | May 2012 – April 2013 | 103KR******** to 304KR******* |
| 72189 | May 2012 – April 2013 | 103KR******** to 304KR******* |