# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE CLARK, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS U.S.A., INC.,<br><br>Defendant. | CASE NO. 13-cv-485 JM (JMA)<br><br>**CLASS ACTION**<br><br>ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT AND (2) CONDITIONALLY CERTIFYING PROPOSED SETTLEMENT CLASS |

WHEREAS, a class action is pending in this Court entitled Clark v. LG Electronics, U.S.A., Inc., Civil Action No. 3:13-cv-0485-JM (JMA) (the "Action");

WHEREAS, the parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class and a hearing, to settle this Action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court (the "Settlement");

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Parties seek entry of an order preliminarily approving the Settlement of this action pursuant to the Settlement Agreement fully executed on October 28, 2014, which, together with its attached Exhibits, sets forth the terms and conditions for a proposed Settlement of the Litigation and dismissal of the Litigation with prejudice;

WHEREAS, this Court has reviewed the Settlement, as well as the files, records, and proceedings to date in this matter;

WHEREAS, this Order incorporates by reference the definitions in the Settlement and, for the purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Settlement, unless otherwise defined;

WHEREAS, this Court is familiar with the legal and factual issues in this matter;

NOW, THEREFORE, based on its review of the Settlement and familiarity with all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that:  (1) the proposed Class satisfies the requirements of Rule 23(a) and Rule 23(b)(3); (2) the Settlement appears fair, reasonable, and adequate, and within the range of reasonableness for preliminary approval such that a presumption of fairness is appropriate; (3) the Class should receive notice of the Settlement and be provided the opportunity to opt out of or object to it; and (4) whether the Settlement is fair, reasonable, and adequate and should be approved and confirmed through final judgment, and whether Class Counsel's request for payment of Attorneys' Fees, Costs and All Other Expenses ("Fee Application") and the incentive award for the Class Representative should be granted, should be considered at a hearing ("Fairness Hearing").

NOW, THEREFORE, IT IS ORDERED THAT:

1.   This Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1332 and that venue is proper in this district.

2.   <u>Certification of Settlement Class</u>.

For the purposes of settlement only, Plaintiff has proposed conditional certification of the following Settlement Class under Federal Rule of Civil Procedure 23:

Persons in the United States who have purchased, not for resale, an LG Signature Model Refrigerator or Sears Kenmore Model Refrigerator with the

1 model numbers, manufacture dates, and serial numbers identified in Exhibit E
2 to the Agreement, sold in the United States by LG US through its authorized
3 retailers or by Sears, respectively, on or before January 29, 2014.  Excluded from
4 the Settlement Class are:  (a) persons who purchased a Refrigerator for resale;
5 (b) persons who validly and timely excluded themselves from the Settlement Class;
6 (c) persons who have settled with and released Defendant or Sears from individual
7 claims that are substantially similar to those alleged in this Litigation or persons
8 who have had adjudicated claims substantially similar to those alleged in this
9 Litigation; (d) any officer, director, or employee of Defendant or Sears or their
10 subsidiaries and affiliates; (e) the Judge(s) to whom the Litigation is or will be
11 assigned; and (f) Class Counsel, Defense Counsel, or any employee in their
12 respective law firms.

13       Regarding the Settlement Class, the Court preliminarily finds, solely for
14 purposes of the Settlement, that:  (a) the Settlement Class is so numerous that
15 joinder of all Settlement Class Members is impracticable; (b) there are questions
16 of law and fact common to the Settlement Class that predominate over any
17 individual questions; (c) the claims of the Plaintiff are typical of the claims of the
18 Settlement Class; (d) Plaintiff and Class Counsel have and will continue to fairly
19 and adequately represent and protect the interests of the Settlement Class; and
20 (e) a class action is superior to all other available methods for the fair and efficient
21 adjudication of the controversy.

22       The Court hereby finds and concludes that the proposed nationwide Class
23 is preliminarily certified as a Class Action for settlement purposes only pursuant
24 to Rule 23(a) and Rule 23(b)(3).  LG US retains all rights to assert that this Action
25 may not be certified as a Class except for settlement purposes.

26       Accordingly, and for the reasons set forth above, the Court hereby certifies
27 the Rule 23 Class under Rule 23(a) and Rule 23(b)(3), for the purposes of
28 settlement only.

3.     <u>Appointment of Class Representative and Class Counsel</u>.

The Court finds that Plaintiff Jeannette S. Clark has claims typical of absent class members belonging to the Class and is an adequate representative of those Class Members. The Court appoints Plaintiff Jeannette S. Clark to serve as Class representative for settlement purposes only.

The Court finds that Callahan, Thompson, Sherman & Caudill, LLP and Robert W. Thompson and Kathleen Hartman have extensive class action experience. The Court appoints these attorneys and this firm as Class Counsel for settlement purposes only.

4.     <u>Preliminary Approval of Settlement</u>.

The Court preliminarily approves the Settlement, including all Exhibits thereto, as fair, reasonable, and adequate, and within the range of reasonableness, such that a presumption of fairness is appropriate for the purposes of preliminary settlement approval. The Court finds that: (a) the Settlement resulted from extensive arm's-length negotiations; (b) sufficient discovery occurred prior to the Settlement to inform all parties and the Court of the relative strengths and weaknesses of their positions; (c) Class Counsel are experienced in litigation and settlement of similar litigation; and (d) the Settlement is in all other respects sufficient to warrant notice of the Settlement to the Class and a Fairness Hearing, on the approval of the Settlement.

5.     <u>Fairness Hearing</u>.

A Fairness Hearing shall be held before the Honorable Judge Jeffrey T. Miller on ***May 18, 2015, at 10:00 a.m.***, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for Attorneys' Fees and for incentive awards to Class Representatives should be approved. Papers in support of the final approval of the Settlement, the proposed incentive award to the Class Representative, and Class Counsel's Fee Application

shall be filed with the Court according to the schedule set forth in Paragraph 13 below.  The Final Approval Hearing shall be held at the United States District Court for the Southern District of California, Court Room 5D, 221 W. Broadway, San Diego, California 92101.  The Court may postpone, adjourn, or continue by Order the Fairness Hearing without further notice to Settlement Class Members.  After the Fairness Hearing, the Court may enter a Final Approval Order and final judgment in accordance with the Settlement that will adjudicate the rights of the Settlement Class members with respect to the Released Claims being settled.

  6. <u>Appointment of Claims Administrator</u>.

  The Court appoints Strategic Claims Services, Inc., 225 State Road, Media, Pennsylvania, 19063 as the claims administrator for the Settlement.

  7. <u>Class Notice</u>.

  The Court approves the form and content of the Class Notices (Exhibits B and C to the Settlement Agreement) and Claim Form (Exhibit A to the Settlement Agreement).  The Court authorizes the Parties to make non-material modifications to the Class Notices and Claim Form prior to publication if they jointly agree that any such changes are necessary under the circumstances.  Notice shall be disseminated as follows:

    a. <u>Mail Notice</u>.  Not later than thirty (30) days after the entry of the present Order, the Claims Administrator shall cause the Long Form Notice (Exhibit C) and Claim Form (Exhibit A) to be sent by first-class mail to potential Class Members pursuant to Paragraph 3.2 of the Settlement Agreement.

    b. <u>E-mail Notice</u>.  Not later than thirty (30) days after the entry of the present Order, the Claims Administrator shall cause the Long Form Notice (Exhibit C) and Claim Form (Exhibit A) to be sent by e-mail to potential Class Members pursuant to Paragraph 3.3 of the Settlement Agreement.

    c. <u>Settlement Website</u>.  Not later than thirty (30) days after the entry of the present Order, the Claims Administrator shall create a dedicated

1  Settlement website with information about the Settlement pursuant to Paragraph 3.4
2  of the Settlement Agreement.
3        d.    <u>Publication Notice</u>.  Not later than thirty-seven (37) days after
4  the entry of the present Order, the Claims Administrator shall cause the Summary
5  Notice (Exhibit B) to be published in the form and manner set forth in Paragraph 3.5
6  of the Settlement Agreement.
7        e.    <u>Claims Administrator Declaration</u>.  No later than thirty (30) days
8  before the Fairness Hearing, the Claims Administrator shall file with the Court a
9  declaration setting forth the details of the notice provided pursuant to this Order.
10     8.    <u>Findings Concerning Class Notice</u>.
11 The Court finds that the foregoing program of Class Notice and manner
12 of  its dissemination is the best practicable notice under the circumstances and is
13 reasonably calculated to apprise Settlement Class Members of the pendency of this
14 Action and their right to object or exclude themselves from the Settlement Class.
15 The Settlement Notices provided to Class Members will be posted on the Internet,
16 published in a nationally recognized news publication, and, to the extent
17 practicable, sent directly to the Settlement Class.  Accordingly, this Court finds
18 that the Class Notice program is reasonable, that it constitutes due, adequate, and
19 sufficient notice to all persons entitled to receive notice, and that it meets the
20 requirements of due process and Federal Rule of Civil Procedure 23.
21     9.    <u>Approval of Claims Process</u>.
22 The claims submission process described in the Settlement Agreement is
23 approved.
24     10.    <u>Exclusion From the Settlement Class</u>.
25 If Settlement Class Members do not wish to participate in the Settlement,
26 Settlement Class Members may exclude themselves pursuant to the procedures set
27 forth in the Long Form Notice and the Settlement Agreement.  All Settlement Class
28 Members who do not opt out in accordance with the terms set forth in the Long

Form Notice and Settlement Agreement will be bound by all determinations and judgments in the Action if Final Approval is granted.  All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked no later than eighty (80) days after the entry of this Preliminary Approval Order.

If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written Request for Exclusion shall include: (a) the name of the case; (b) the Settlement Class Member's name, current address, telephone number and signature; and (c) a clear statement communicating that the Settlement Class Member elects to be excluded from the Settlement Class. No Request for Exclusion will be valid unless all of the information described above is included.  All Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against LG US or Sears.

No later than seven (7) days after the deadline for submission of requests for exclusion, the Claims Administrator shall file with the Court the names of all Class Members who have submitted a timely request to opt out of the Class.

11.     <u>Objections and Appearances</u>.

Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Fairness Hearing to Object to the fairness, reasonableness or adequacy of the proposed Settlement, including the proposed award of Attorneys' Fees, Costs, and All Other Expenses.  However, in order to be heard at the Fairness Hearing, the Settlement Class Member must make any Objection in writing and file it, along with a Notice of Intent to Appear, no later than eighty (80) days after the entry of this Preliminary Approval Order.

To state a valid Objection to the Settlement, an objecting Settlement Class Member must provide the following information in his, her or its written Objection: (a) his/her/its full name, current address and telephone number; (b) the approximate date of acquisition and serial number of his/her/its Refrigerator; (c) state that the objector has reviewed the Settlement Class definition and understands that he/she/it is a Settlement Class Member, and has not opted out of the Settlement Class; (d) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) provide copies of any documents that the objector wishes to submit relating to his/her/its position, including a description of any Refrigerator Issues experienced; (f) set forth the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (g) sign the Objection or have the Objection signed on his/her/its behalf by their counsel.

To be valid, an Objection must include a detailed statement of each Objection asserted, including the grounds for Objection.  Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or Object to any request for attorneys' fees, incentive awards, and/or reimbursement of reasonable litigation costs and expenses.  The objecting Settlement Class Member must file with the Clerk of the Court and serve upon Strategic Claims Services, Inc. and all counsel (designated below) a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") no later than eighty (80) days after entry of this Preliminary Approval Order.  The notice of intention to appear must include copies of any papers, exhibits or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.

The Objection must also be mailed to each of the following, postmarked by the last day to file the Objection: (1) Strategic Claims Services, Inc., 225 State Road, Media, Pennsylvania, 19063; (2) Class Counsel—Kathleen M. Hartman, Callahan, Thompson, Sherman & Caudill, LLP, 2601 Main Street, Suite 800, Irvine, California 92614; and (3) Defense Counsel—Tai H. Park, Esq., Park Jensen Bennett LLP, 630 Third Avenue, 7th Floor, New York, NY 10017. Any Settlement Class Member who does not make his or her Objections in the manner provided herein shall be deemed to have waived such Objections and shall forever be foreclosed from making any Objections to the fairness, reasonableness or adequacy of the proposed Settlement and the judgment approving the Settlement.

Settlement Class Members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented at the Final Approval Hearing by Class Counsel.

12. <u>Further Papers in Support of Settlement and Fee Application</u>.

The parties shall file their opening papers in support of final approval of the Settlement fourteen (14) days prior to the hearing on the Motion for Final Approval. Class Counsel shall file their Fee Application no later than fourteen (14) days prior to the hearing on the Motion for Final Approval. Any papers or other responses the parties wish to file in response to Class Member Objections shall be filed with the Court no less than seven (7) days prior to the Fairness Hearing.

13. <u>Effect of Failure to Approve the Settlement</u>.

In the event the Settlement is not approved by the Court, or for any reasons the parties fail to obtain a final judgment as contemplated by the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

> All Orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding.

Nothing contained in this Order is, or may be construed as, any admission or concession by or against LG US, Sears or Plaintiff on any point of fact or law; and

This Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, Sears or the Settlement Class members, including the Defendant's right to assert any and all defenses to class certification, including without limitation the propriety of the class and/or substantive allegations asserted by the putative class, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be used in any matter for any purpose, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

A modification or reversal on appeal of the resolution of any dispute relating to the claim of anyone claiming to be a Settlement Class Member shall not be deemed a material modification of this Agreement.

14.  <u>Stay/Bar of Other Proceedings</u>.

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

15.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

IT IS SO ORDERED.

DATED: December 19, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge