1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE CLARK, individually and on behalf of those similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>LG ELECTRONICS U.S.A., INC.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13-cv-0485 JM (JMA)<br><br>**CLASS ACTION**<br><br>ORDER GRANTING (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) REQUEST FOR CLASS-REPRESENTATIVE ENHANCEMENT; (3) REQUEST FOR ATTORNEY FEES AND COSTS; AND (4) REQUEST FOR ENTRY OF FINAL JUDGMENT AND DISMISSAL OF ALL CLAIMS WITH PREJUDICE |

　　　　WHEREAS, on December 19, 2014, this court granted preliminary approval of the class action settlement. (Doc. No. 48.)

　　　　WHEREAS, this court has reviewed the settlement agreement; the motion for final approval of the settlement, request for an award of a class-representative enhancement, and request for an award of attorney fees and costs; the declarations submitted by the parties and the claims administrator; the objections of Maureen C. Concepcion, Mary Maloney, and Keith and Lynn Oliver; the response to the objections; and the files, records, and proceedings to date in the matter.

　　　　WHEREAS, this court is familiar with the legal and factual issues in this matter;

- 1 -

13cv0485

NOW, THEREFORE, based on its review of the settlement and familiarity with all of the files, records, and proceedings herein, the court concludes, upon final examination, that:  (1) the proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(3); (2) the settlement is fair, reasonable, and adequate, and within the range of reasonableness for final approval; and (3) the notice was adequate and satisfied due process requirements and was properly provided.

NOW, THEREFORE, IT IS ORDERED THAT:

1. This court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1332 and that venue is proper in this district.

2. The court certifies the following class under Rule 23(a) and Rule 23(b)(3):

Persons in the United States who have purchased, not for resale, LG Signature Model or Sears Kenmore Model Refrigerators with the model numbers, manufacture dates, and serial numbers identified in Exhibit E to the agreement, sold in the United States by LG US or Sears through its authorized retailers on or before January 29, 2014.  Excluded from the settlement class are:  (a) persons who purchased a Refrigerator for resale; (b) persons who validly and timely excluded themselves from the settlement class; (c) persons who have settled with and released LG US or Sears from individual claims that are substantially similar to those alleged in this litigation or persons who have had adjudicated claims substantially similar to those alleged in this litigation; (d) any officer, director, or employee of LGE US or Sears or its subsidiaries and affiliates; (e) the judges to whom the litigation was assigned; and (f) class counsel, defense counsel, or any employees in their respective firms.

3. The court finds, for the purposes of settlement only, that Plaintiffs have satisfied each of the Rule 23(a) prerequisites: (1) the settlement class is so numerous that joinder of all settlement class members is impracticable; (2) there are questions of law and fact common to the settlement class that predominate over any

1 | individual questions; (3) the claims of Plaintiff are typical of the claims of the class;
2 | and (4) Plaintiff Jeannette S. Clark has fully and fairly represented the interests of
3 | the class.
4 |     The court further finds that Rule 23(b)(3) has been satisfied.  Questions of
5 | law and fact common to class members predominate over any questions affecting
6 | only individual members, and a class action is superior to other means of
7 | adjudicating this controversy where settlement class members share a common
8 | legal and factual grievance arising from refrigerator issues, as defined in the
9 | settlement agreement.  Robert W. Thompson and Kathleen Hartman of Callahan,
10 | Thompson, Sherman & Caudill LLP have substantial experience, are adequate
11 | counsel to represent the class and have fully and fairly represented the interests
12 | of the class; and a class action is superior to all other available methods for the fair
13 | and efficient adjudication of this controversy.
14 |     The court finds that the notice program (i) satisfied the requirement of
15 | Rule 23(c)(3) and due process; (ii) was the best practicable notice under the
16 | circumstances; (iii) reasonably apprised settlement class members of the pendency
17 | of the action and their right to object to the proposed settlement or opt out of the
18 | settlement class; and (iv) was reasonable and constituted due, adequate and
19 | sufficient notice.
20 |     4.    The terms of the settlement are approved.  The objections to the
21 | settlement are overruled as the settlement is fair, reasonable, and adequate and
22 | within the range of reasonableness.  In reaching this conclusion, the court
23 | considered the factors that the Ninth Circuit considers relevant to an evaluation
24 | of a proposed settlement, including:  the strength of the plaintiffs' case; the risk
25 | and expense of further litigation; the risk of maintaining class action status; the
26 | benefits afforded by the settlement; the procedural status of the litigation, including
27 | discovery; the experience and views of counsel; and the reaction of the class to the
28 | proposed settlement.  The proposed settlement was entered into in good faith, and

1 is the product of extensive arms-length negotiations by experienced counsel.  Class
2 counsel and the class representative have fairly and adequately represented the
3 settlement class.

4     5.    The class representative is awarded $5,000 as an enhancement for
5 her services to the class and will be paid as set forth in the settlement agreement.

6     6.    Class counsel is awarded $367,650.10 in attorney fees and costs and
7 will be paid as set forth in the settlement agreement.  No further attorney fees or
8 costs will be awarded.

9     7.    The class members' claims will be administered as set forth in the
10 settlement agreement.

11     8.    The persons listed at Exhibit A to the declaration of Josephine Bravata
12 regarding class member requests for exclusion, (Doc. No. 62), are excluded from
13 the class action and settlement and will not have released any claims under the
14 settlement agreement.

15     9.    All class members who have not excluded themselves from the
16 settlement have released their claims as set forth in the settlement agreement.

17     10.    LG, Sears, and the class representative have released their claims as
18 set forth in the settlement agreement.

19     11.     The claims administrator will be paid as set forth in the settlement
20 agreement.

21     12.    This court hereby enters a judgment of dismissal, pursuant to Fed.
22 R. Civ. P. 54(b) of the claims by the settlement class members, with prejudice and
23 without costs, except as specified herein.  The Clerk of Court is instructed to close
24 the file.
25 ///
26 ///
27 ///
28 ///

13. Without any way affecting the finality of this order, the court hereby retains jurisdiction over the parties to the settlement agreement, including all settlement class members and class counsel, to construe and enforce the settlement agreement.

IT IS SO ORDERED.

DATED: May 18, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge